EMMONS *v.* EMMONS.

1. DIVORCE—ALIMONY—STATUTES.

The authority to make decrees in relation to alimony and the division of property in cases of divorce is purely statutory and is conferred by 3 Comp. Laws 1915, chapter 217.

2. SAME—DECREE—CONSTRUCTION—TITLE TO LAND.

A decree of divorce providing that plaintiff from the date thereof should have and enjoy the "use, benefit, and possession" of the described land with all appurtenances belonging thereto until further order of court, and requiring a deed forthwith from defendant, and further providing that the further consideration of the question of alimony and property interests are reserved for further order and decree, does not give the plaintiff a fee simple in the property.

Error to Kent; Barton, J., presiding. Submitted October 23, 1917. (Docket No. 169.) Decided December 28, 1917.

Ejectment by Albert C. Emmons against William Emmons. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Hawley & Eldred,* for appellant.

*J. L. Boyd,* for appellee.

MOORE, J. This is an action in ejectment. At the close of the testimony the judge directed a verdict in favor of the plaintiff. The case is brought here by writ of error.

The facts are not in dispute. It is conceded that prior to November 28, 1898, the plaintiff was the owner in fee of the land in controversy. On that day the wife of the plaintiff was granted a decree of di-

vorce upon the ground of desertion. There was in the decree the following:

"And the court doth further order, adjudge, and decree that said complainant,. Mary Emmons, from the date hereof have and enjoy the use, benefit, and possession of the land above described with all the appurtenances thereunto belonging until the further order of this court.

"And the court doth further order, adjudge, and decree that said defendant, Albert C. Emmons, forthwith· convey by proper deed to the said complainant, Mary Emmons, the real estate above described with all appurtenances thereunto belonging, and that, if he shall for three months from the date hereof fail and neglect to make conveyance as aforesaid, that this decree stand and be regarded as such conveyance, and a certified copy thereof may be recorded with the register of deeds of said county as evidence of such conveyance.

"It is further ordered that the further consideration of the question of alimony and the property interests involved in said cause be and the same are hereby reserved for further order and decree herein."

The plaintiff made no conveyance. The decree was recorded in the office of the register of deeds on the 1st day of March, A. D. 1898. Mary Emmons, named as complainant in said decree, died on the 6th day of September, 1915, leaving as her children and heirs at law the defendant, William Emmons, and Effie Smith, Lottie Riley, and Ettie Sherrard. Effie Smith, Lottie Riley, and Ettie Sherrard since becoming of ˙age and previous to the commencement of this suit conveyed whatever right, title, or interest they had in the above-described lands to the defendant, William Emmons, who was in possession of said lands at the time of the commencement of this suit. It is also admitted that Mary Emmons had the actual possession of the said premises continuously from the date of the decree to the time of her death. It was not shown that the decree was ever modified.

It is conceded the defense hinges upon the provisions of the decree. The claim of counsel is stated in the brief as follows:

"We insist that the decree does grant to her the title to said land in fee simple. True it is that this title may be a base or qualified title in fee simple, and not a fee simple absolute; but it is equally true that the estate granted by the decree is at least a base or qualified estate in fee.

"A base or qualified fee is an interest which may continue forever, but which is liable to be brought to an end by the operation of some act or event limiting its continuance or extent. 2 Blackstone, Com. 109; 4 Kent, Com. (12th Ed.) 9.

"In case the event which limits the duration of a base fee does not happen during the life of its owner, the estate will descend to his heirs subject to the specified determination. 2 Blackstone, Com. 109; 4 Kent, Com. (12th Ed.) 9, 10."

It is contended that, as the decree was never modified, upon the death of Mrs. Emmons her children would inherit the real estate which is the subject of this suit.

The diligence of able counsel has not called to our attention any authority that is controlling. The authority to make decrees in relation to alimony and the division of the property in cases of divorce is purely statutory, and is conferred by chapter 232, 3 Comp. Laws, now chapter 217, 3 Comp. Laws 1915.

In *Bialy* v. *Bialy,* 167 Mich. 559 (133 N. W. 496, Am. & Eng. Ann. Cas. 1913A, 800), Justice STEERE, speaking for the court, discusses quite at length the principles which should control in providing permanent alimony and the authority which gives the court of chancery its power to make decrees in relation thereto. In the course of the discussion, it is said:

"Alimony, by whatever authority it is conferred, is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support

his wife, not necessarily to endow her. Primarily, it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during his separation, whether it be for life or for years. In practical application an award of permanent alimony in a gross sum may result in a division of the husband's estate; but the controlling element not to be lost sight of is his compulsory contribution for her support and maintenance under obligations of the marriage contract."

The record does not disclose the amount of property possessed by either Mr. or Mrs. Emmons at the time the decree in the divorce case was made. It must be conceded that the language of the decree is somewhat ambiguous. It is clear that the judge meant to decree to Mrs. Emmons personally the "use, benefit, and possession of the land * * * with all the appurtenances," not for a stated time, but until the further order of the court. There is nothing in the decree to indicate that he intended that anybody but Mrs. Emmons should "enjoy the use, benefit, and possession of the land." There is no suggestion that upon her death the real estate should go to her children. The decree closes with the statement:

"It is further ordered that the further consideration of the question of alimony and the property interests involved in said cause be, and the same are hereby, reserved for further order and decree herein."

—which is quite inconsistent with the idea that the title in fee to the real estate passed to her and her heirs by the decree.

Judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.