SHERMAN *v.* KENT.

1. DIVORCE—ALIMONY—APPLICATION FOR MODIFICATION OF DECREE NOT A REHEARING.

An application to modify and revise provisions for alimony in a divorce decree is not a rehearing of the original decree, or a review of the equities of the original decree, but the court considers the changed conditions of the parties and revises the decree as present conditions require.

2. SAME—CHANGED FINANCIAL CONDITION FOR BETTER JUSTIFIES REFUSAL TO MODIFY DECREE.

In view of the power of the court to modify a decree under said statute, where defendant's financial condition is infinitely better than it was when the decree was entered, he is not entitled to a modification relieving him of the payment of mortgages on property awarded to the wife, although he voluntarily assumed said burden, which possibly was in excess of what the court would have imposed.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 18, 1923.    (Docket No. 87.)    Decided June 4, 1923.

Petition by Floy E. Kent-Sherman against Glenn B. Kent to enforce the terms of a decree of divorce.    Defendant filed a cross-petition for a modification of the decree respecting alimony.    From a decree for plaintiff, defendant appeals.    Affirmed.

*Stearns & Kleinstuck,* for plaintiff.

*Fred A. Mills,* for defendant.

FELLOWS, J.    The parties to this proceeding were

The question of modification of the amount of alimony because of changed conditions is discussed in note in 44 L. R. A. (N. S.) 1026.

divorced by a decree of the Kalamazoo circuit court, in chancery, September 11, 1913. They had been married about 15 years and had 2 children, Carlos then aged 13, and Ardice then aged 10 years. When they started their married life they had but little of this world's goods but at the time of the divorce through their combined efforts had accumulated about $10,000 or $12,000 in property. Among the properties then owned by defendant was certain real estate in Kalamazoo upon which there was a mortgage owned by the First State Bank of Allegan for $2,100, and a second mortgage owned by Morris Kent for $1,000. Defendant made a property settlement with plaintiff by which he agreed to turn over to her and the children practically his entire property, leaving himself only an equity of less than $100 in a vacant lot, and also agreed to pay the incumbrances on the Kalamazoo property, the fee of which was given to the children subject to plaintiff's life use. Plaintiff was given the custody of the children and was to maintain them. Both parties have again married and each appears to have been fortunate in the second matrimonial venture. Defendant paid off the Morris Kent mortgage on the Kalamazoo property and $400 on the bank mortgage, but claimed he was unable to make further payments thereon. This petition was thereupon filed asking that he be required so to do. He answered and, by way of cross-petition, asked to have the decree modified so as to relieve him from such payment. From an order granting the prayer of the petition and denying the relief prayed in his cross-petition, defendant appeals.

That the court may modify and revise provisions for alimony is unquestioned. 3 Comp. Laws 1915, § 11417. But an application to modify a decree under this statute is not a rehearing of the original case, or

a review of the equities of the original decree. *Smith v. Smith*, 139 Mich. 133. The court on such application considers the changed condition of the parties and revises the decree as present conditions require. It is doubtless true that defendant made most generous provision for the plaintiff and the children when the property settlement, which was incorporated into the decree, was made. He not only turned over substantially everything he had but obligated himself to pay $3,100 in the future. This he appears to have done voluntarily and before he had the assistance of counsel. It is possible that he voluntarily placed upon himself a greater obligation than the court would have imposed, but when we take into consideration the limit of the power of the court on this application above noted we are not persuaded that the trial judge reached a wrong conclusion. While plaintiff is being supported by her present husband and the children are now grown up and her position has been improved, so also has that of defendant been improved. Defendant's present wife was possessed of some means which was invested in a business conducted by them both but which stands in her name, and to further secure her the homestead was placed in her name. But they own by the entireties a valuable apartment house consisting of 11 apartments well rented upon which there is an incumbrance of $8,000, and which nets about $2,500 annually. He also has equities in other lands of somewhat doubtful value. He appears to be an able-bodied man devoting his time to the business owned by his wife at a very modest salary, and while he has had some reverses he has also had some successes. Taking it by and large his financial condition is infinitely better than when the decree of September 11, 1913, was entered. Upon the facts disclosed by this record, and having

due regard for the power of the court on this application, we are not disposed to reach a different conclusion than did the circuit judge.

The order will be affirmed, with costs.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.