## SCHWEIM v. SCHWEIM.

1. Divorce—Alimony—Modification of Decree Authorized on Showing of Changed Conditions.

Under 3 Comp. Laws 1915, § 11417, the payments provided for in a decree of divorce to be made by the husband to the wife for the support of herself and infant daughter may be increased or diminished as the necessities of the one and the ability of the other party may require, but any modification therein must be based on facts arising since the decree was granted.[1]

2. Same—Changed Conditions—Evidence—Sufficiency.

The order of the trial court dismissing the petition of a divorced husband for a modification of the decree in respect to the weekly payments to be made by him to his divorced wife for the support of herself and infant daughter, held, justified by the record; the showing of changed conditions being insufficient.[2]

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 23, 1925. (Docket No. 112.) Decided December 22, 1925.

[1] Divorce, 19 C. J. §§ 617, 619; [2] Id., 19 C. J. § 752.
On modification of decree of divorce because of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

Bill by Charles Schweim against Caroline Schweim for a divorce: On petition of plaintiff for a modification of a decree for alimony. From an order denying the petition, plaintiff appeals. Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for plaintiff.

*George J. Haines,* for defendant.

SHARPE, J. On August 24, 1921, plaintiff filed a bill for divorce against the defendant. She answered, and, by way of cross-bill, prayed that a divorce be granted to her. Pending the hearing, and on January 9, 1922, the parties entered into an agreement wherein he agreed to convey to her their home at 1278 West Grand Boulevard, in Detroit, and the household furniture therein, and to pay to her for her support the sum of $20 per week, and the further sum of $10 per week for the support of their infant daughter, Dorothy. He also undertook to secure an agreement from the life insurance company in which he was carrying $15,000 insurance, by which, in the event of his death, before Dorothy reached her majority or became self-supporting, the insurance company should retain the amount due under the policy and pay to plaintiff the annual income thereof (not less than $520) until the happening of either of such events. In consideration thereof, defendant released plaintiff from "all obligation for her support and maintenance," and also released any dower or other interest she might have in any property he then had or might thereafter acquire,—

"it being the intention of the parties hereto that this instrument shall constitute a final and conclusively binding settlement of their property rights."

It was further agreed that, in case the parties should thereafter be divorced, the terms of this agree-

ment might be incorporated into the decree if the court should so order. Plaintiff conveyed the home property and arranged the insurance, as agreed. On April 12, 1922, a decree of divorce was granted to defendant. Plaintiff made no defense. The provision of the settlement as to the weekly payments was, by consent, incorporated therein. Plaintiff was married again a few months later.

In March, 1925, defendant filed a petition, praying that plaintiff be adjudged in contempt for his failure to make the weekly payments. He then filed the petition herein, asking that the decree be modified so as to relieve him therefrom. A hearing was had, at which the parties were sworn and other proof submitted as to the values of the property defendant received on the settlement and their financial condition at the time of the hearing. The trial court dismissed the petition. He postponed decision as to the contempt proceeding, which was apparently heard at the same time, for two months. From this order plaintiff appeals.

The provision for the weekly payments having been incorporated into the decree, the plaintiff was entitled to petition for a modification thereof. 3 Comp. Laws 1915, § 11417; *Aldrich* v. *Aldrich,* 166 Mich. 248. The payments provided for in the decree may be increased or diminished "as the necessities of the one and the ability of the other party may require." *Creyts* v. *Creyts,* 143 Mich. 375, 377 (114 Am. St. Rep. 656). Such modification must, however, be based on facts which have arisen since the decree was granted. We cannot, on such a petition, review the original decree. We must assume that the payments therein provided for were at that time just and proper. *Smith* v. *Smith,* 139 Mich. 133; *Meyers* v. *Meyers,* 161 Mich. 487.

It is plaintiff's claim that he has less property and

less income than when the decree was made, and that defendant's property has enhanced in value and increased her income since that time.    As is not unusual in such cases, the parties differ much in the valuations they place upon the property each owned at the time the decree was made and upon that which they now have.

The defendant at that time owned some property in her own right.    Taking it into consideration, we are impressed that the value of the property owned by each of them at the time the decree was granted was about $18,500.    That of plaintiff consisted largely of corporate stock.    His explanation of his reasons for disposing of it and the use to which the proceeds were put by him is not very satisfactory.    It is his claim that all of the property he now owns is stock in a company in which he is interested of the value of $1,419.50.    We are not impressed by the showing made as to this.    His annual income at the time the decree was made, and since that time, has been about $5,000.    His present wife is in the employ of the company, and is presumably compensated for her services.    The defendant now owns a house on Rangoon avenue in Detroit, which rents for $55 per month, on which there is a mortgage of $1,700.    Her equity in this is worth about $5,600.    She also owns about two acres of land in White Lake township, Oakland county.    A part of it fronts on a small body of water, called Oxbow lake.    There are two frame houses on this land.    She and her daughter live in one of them.    The other is located some distance from the lake and, when occupied, rents for $20 per month.    Both are heated with stoves, and lighted with lamps, and have no modern conveniences.    This property may have a large prospective value, if platted and improved, but its present market value is not great.    Her present income is $55 per month from

the Rangoon property and $20 per month from the lake house, when it is rented,—in all, $900 per year. Her necessary expenditures each year in connection with these holdings are, for taxes, $290, insurance, $50, interest and payment on the mortgage $150,— in all, about $490, leaving her a net income of about $420.    It is apparent that she cannot live upon this. She claims that she went from Detroit to the lake because she could live more cheaply there, and estimates the cost of her living, including the support of Dorothy, now 8 years old, at $236 per month. Should plaintiff pay her the amount provided for in the decree, her net annual income would be less than $2,000, and we are satisfied that she cannot do with less.    Both of the parties are about 45 years of age. The plaintiff is in good health.    The defendant and Dorothy are unwell a considerable part of the time.

After hearing the proof submitted, the trial court (the same judge sitting who granted the divorce decree) said:

"Well, I shall not alter this decree at the present time.    Perhaps inquiry after a few months may present a different situation."

With the conclusion thus reached by him we agree. The order appealed from is affirmed, with costs to appellee.    From such costs, when taxed, there will be deducted the amount allowed defendant for her expenses on this appeal under an order heretofore made, if the same has been paid.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.