TUTHILL *v.* TUTHILL.

1. DIVORCE—REOPENING DECREE—DISMISSAL WITHOUT TAKING PROOFS.

If petition to reopen divorce decree, upon its face did not call for taking proofs, dismissal without taking proofs was proper.

2. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.

Petition to reopen divorce decree, which did not state any ground for modification of award of alimony, such as new facts or change of circumstances arising after decree, was properly dismissed.

3. SAME—REHEARING—COURT RULES.

Petition to reopen divorce decree, asking for rehearing of original case, or review of equities of decree, was properly dismissed, where rehearing was barred by lapse of time (Court Rule No. 48).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 26, 1932. (Docket No. 160, Calendar No. 36,180.) Decided June 6, 1932.

As to modification of divorce decree because of changed conditions, see annotation in 44 L. R. A. (N. S.) 1026; 71 A. L. R. 724.

Bill for divorce by Lena W. Tuthill against Frank S. Tuthill on the ground of extreme cruelty. Cross-bill for divorce on ground of desertion. Decree for defendant. On petition of plaintiff to reopen decree and award divorce to plaintiff. Petition denied. Plaintiff appeals. Affirmed.

*Theodore M. Joslin,* for plaintiff.

*Richard Price* and *Frank B. DeVine,* for defendant.

WIEST, J. In September, 1928, plaintiff filed a bill for divorce in the Washtenaw circuit, alleging therein that defendant was worth $100,000, and prayed for a share thereof. Defendant filed an answer, and, by cross-bill, alleged desertion on the part of plaintiff, and asserted that whatever he was worth was, in the main, accumulated after defendant's desertion. The parties were married in December, 1892, and have one child, a son 35 years of age, a veteran of the World War, suffering from shell shock and now upon a farm provided by defendant. Plaintiff was awarded $40 a week, temporary alimony, and $100 for attorney fees.

In November, 1929, the case came to a hearing in open court, and, during the course of the hearing, the parties agreed upon a property settlement, and the court, upon proofs, dismissed plaintiff's bill, granted defendant a divorce on the ground of desertion, and awarded plaintiff, as permanent alimony, and in lieu of dower, $100 per month for life, and her attorneys $1,100 for their fees. The award to plaintiff and her attorneys was in accordance with the agreement signed by the parties. The decree required defendant to deposit $20,000 in a bank to insure payment of the $100 per month to plaintiff,

and, upon her death, the deposit to go to their son, if living, or to his children in case of his death. No appeal was taken, and plaintiff has received the monthly award.

April 25, 1931, plaintiff filed a petition in the circuit court, in which she alleged that her attorneys were recreant in inducing her to agree to the property settlement and in not procuring for her a share of defendant's property, and that her brother-in-law, acting in the interest of defendant, induced her to sign the agreement, and she prayed the court to reopen the decree, dismiss defendant's cross-bill, grant her a decree of divorce and award her permanent alimony. The petition was heard by the judge who granted the decree, and dismissed for want of merit. Plaintiff prosecutes review by appeal, and asserts error in dismissing the petition without taking proofs.

The petition was argued and its merits submitted to the judge and found wanting. If the petition, upon its face, did not call for the taking of proofs, then the dismissal was proper. The petition did not state any ground for modification of the award in the decree. No new facts or change of circumstances, arising after the decree, were alleged. This was fatal upon the question of modification. *Sherman* v. *Kent*, 223 Mich. 200; *Quinn* v. *Quinn*, 226 Mich. 239; *Gould* v. *Gould*, 226 Mich. 340; *Schweim* v. *Schweim*, 233 Mich. 67.

Plaintiff's petition also asked for a rehearing of the original case, or, at least, a review of the equities of the decree. Time had barred a rehearing. Court Rule No. 48. The circuit judge was clearly right in dismissing the petition.

Counsel for plaintiff asks that the petition be "treated as an original bill and have proof taken in court." We decline to do this.

The averments of fraud do not reach defendant, except as mere conclusions drawn by plaintiff from sketchy hearsay.

The order dismissing the petition is affirmed, with costs to defendant.

POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, C. J., and McDONALD, J., did not sit.