SOLLER *v.* SOLLER.

Divorce—Alimony—Possibility of Discontinuance of Employ-
ment.

> Reduction of permanent monthly alimony to wife who has custody
> of children is affirmed on appeal for further reduction by hus-
> band who has remarried where he is still employed, possibility
> of discontinuance of employment being a matter for his future
> petition for modification of decree.

Appeal from Washtenaw; Sample (George W.), J.
Submitted January 3, 1934. (Docket No. 28, Cal-
endar No. 37,514.) Decided March 6, 1934.

Bill by Matthew E. Soller against Martha J.
Soller for divorce. Cross-bill for divorce by defend-
ant. Decree for defendant. Plaintiff appeals from
order amending decree as to alimony. Affirmed.

*Baubie & Baubie (J. Leon Katz,* of counsel), for
plaintiff.

*John P. Kirk,* for defendant.

Wiest, J. The parties were divorced January 31,
1933. The decree awarded custody of their two chil-
dren to defendant and required plaintiff to pay $200
per month, as permanent alimony and for the sup-
port of the children and that plaintiff assign to de-
fendant all insurance policies he had, but he was not
required to pay premiums past, present or future,
thereon, and defendant was to take care of the
policies or allow them to lapse in her discretion. The

monthly allowance was satisfactory to plaintiff at that time for he was receiving a monthly salary of $340 per month as an instructor in the University of Michigan. In April, 1933, plaintiff remarried. On June 1, 1933, he petitioned the court to reduce the monthly payments, alleging a change in his circumstances and consequent inability to pay. A hearing was had on the petition, testimony taken, and the court reduced the payments to $175 per month. This is an appeal by plaintiff.

Defendant claims that she has to pay $72 per month to keep the mentioned insurance policies in force, together with the insurance on her own life and that of the children. She admits that, outside of the insurance premiums, she could get along on $100 per month. At the time of the hearing of the petition defendant was with her parents in Pittsburgh, the children were there attending school and she was paying for board and room, for herself and the children, the sum of $35 per month.

Plaintiff is a physician and, after the decree of divorce, opened an office for the practice of his profession and claims that, for the month of April he received $8 and in May $20, and after that an occasional $1 or $1.50 and during the month of June $12 or $13.

At the time of the hearing in the circuit it was not known whether plaintiff's employment at the University, at a summer school, and at a military camp would be continued. The circuit judge could not accept a possibility as a fact, and we may not depart from the record made at the hearing. If the employments have now been discontinued and no other adequate source of revenue obtained plaintiff may, by petition, present such change in his circumstances to the circuit court.

Upon the record before us we find no reason for modifying the order appealed from.

Affirmed, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.