VAN NEST v. VAN NEST.

DIVORCE—SUPPORT OF MINOR CHILD.
  Facts *held*, sufficient to justify order reducing weekly payments from $10 to $5 for support of minor child of divorced parents in custody of mother who has remarried and conducts a beauty parlor business, where father's income has been materially lessened and living costs have been reduced.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 3, 1934. (Docket No. 32, Calendar No. 37,523.) Decided March 6, 1934.

Bill by Lillian F. Van Nest against Edward F. Van Nest for divorce. Decree for plaintiff. From order reducing weekly payments for support of minor child, plaintiff appeals. Affirmed.

*Rosenburg & Painter,* for plaintiff.

*Burney E. Brower,* for defendant.

EDWARD M. SHARPE, J. This case is here upon appeal by the plaintiff from an order of the court below granting the defendant's petition for a modification of the decree for payment of an allowance for support of minor child.

The parties were divorced in December, 1928. A settlement agreement was entered into and incorporated in the decree whereby the plaintiff received $2,500 in cash and $10 per week for the support of the child, then 18 months old. At the time of the original decree the defendant was the owner of a gasoline station, two houses, and an equity in a home in which the parties had resided. Defendant then had an annual income of $3,000 or upwards. In 1931 his filling station business showed a profit of $5,500 and in 1932 of $3,500. For the first four months of 1933 the record shows a loss, but included in the financial statement for that period are certain items of annual expense. The defendant's net assets are approximately $28,000 and have not varied materially during the past three years. Defendant kept up the weekly payments of $10 until February 14, 1933, since which time he has paid plaintiff $5 per week.

Plaintiff has remarried since her divorce from defendant and in addition conducts a beauty parlor business. Plaintiff claims that the income from her business is hardly sufficient to pay expenses; that she continues to operate it because of the capital invested and because she hopes for improved business in the future; that the child is sickly and requires medical attention. Defendant claims that his reduced income will not permit him to pay more than $5 per week, that to pay more would endanger his business.

On May 31, 1932, defendant had filed a petition to modify the decree by reducing the amounts payable for the support of the minor child, claiming as his reason therefor a reduction in income. The court heard that petition and the same was dismissed August 22, 1932.

The present petition to modify the decree was filed April 13, 1933. Affidavits for and in opposition were presented to the court. June 26, 1933, the lower court modified the decree by reducing the weekly payments to $5 as of February 14, 1933.

The only question involved in this case is whether or not the modification of the decree by the trial court was justified by the facts.

Under 3 Comp. Laws 1929, § 12748, a court of chancery has authority to modify its divorce decree awarding payments for support of minor children whenever there has been a change of circumstances necessitating such modification. As stated in *Camp* v. *Camp*, 158 Mich. 221, at 223, 224:

"The statute * * * authorizes courts of chancery to at any time, on the petition of either party, revise and alter the decree as to alimony or allowance for the support of minor children. * * * The sole question, therefore, is whether the defendant by his

petition and evidence has made a case entitling him to any modification. In determining this question the court may take into consideration the altered condition of the complainant, the conditions under which the amount of alimony and allowance was fixed at the time of the decree, and the financial condition of the defendant.''

The facts that since the original decree was signed the plaintiff has remarried and has gone into the business of operating a beauty parlor, which in all probability enhances her income; that general business conditions during the past four years have materially reduced the income of the defendant as shown by statements filed in this case; that the cost of living has been reduced from what it was at the time the decree was signed,—were no doubt all elements which influenced the trial court in reducing the weekly payments to $5.

It is not the policy of this court to reverse decrees unless convinced that they are unfair and inequitable. In *Moore* v. *Moore*, 231 Mich. 209, at 210, Justice FELLOWS said:

''We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties.''

We think that in view of all the circumstances the trial court came to the proper conclusion in this matter. Should conditions change, application may be made to the circuit court in chancery to modify the award for the support of the minor child. No costs will be awarded to either party.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.