FOLTZ *v.* FOLTZ.

1. JUDGMENT—COURTS SPEAK THROUGH JUDGMENTS AND DECREES.
    Courts speak through their judgments and decrees, not through their opinions.

2. DIVORCE — PERMANENT ALIMONY — MODIFICATION OF DECREE — CHANGED CONDITIONS.
    A change of condition of the parties is essential to modify a decree of permanent alimony and the court revises the decree as present conditions require.

3. SAME — MODIFICATION OF DECREE — EVIDENCE OF CHANGED CONDITIONS.
    Defendant husband *held*, not entitled to modification of decree of permanent alimony of $10 a week where he was earning $40 a week at time of decree and is still earning that amount and has remarried, while plaintiff, 47 years old, is not in good health, is conducting a boarding house from which she has a

gross income of upwards of $85 a month, subject to $15 monthly rent together with usual items of heat, water, light, incidentals, upkeep, and food, of which court takes judicial notice that it is an appreciable amount in absence of showing made thereon, and no showing is made as to value of land she has inherited in another State, since it is not shown plaintiff has become self-supporting.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 24, 1937. (Docket No. 68, Calendar No. 39,330.) Decided September 1, 1937.

Divorce proceeding by Lulu C. Foltz against Harry Foltz. On defendant's petition for modification of decree. Petition denied. Defendant appeals. Affirmed.

*Frank B. De Vine,* for plaintiff.

*Carl H. Stuhrberg,* for defendant.

Fead, C. J. November 19, 1934, plaintiff had decree of divorce from defendant, with permanent alimony of $10 per week to continue until the further order of the court, and the household furniture subject to a lien of $148. October 14, 1935, defendant filed this petition to amend the decree for permanent alimony. He appeals from an order denying the petition.

In a colloquy with counsel at the end of the hearing in the divorce suit the court suggested alimony of $10 per week for a period of two years or until the further order of the court. The mention of two years has no effect upon this petition because the court speaks through its judgments and decrees and not through its opinions. *Boyle* v. *Berg,* 242 Mich. 225; *Michigamme Oil Co.* v. *Huron Valley Building & Savings Ass'n,* 280 Mich. 12.

Counsel agree that, in order to modify a decree of permanent alimony, there must be a change in the condition of the parties and the court revises the decree as present conditions require. *Sherman* v. *Kent,* 223 Mich. 200; *Tuthill* v. *Tuthill,* 259 Mich. 272; *Quinn* v. *Quinn,* 226 Mich. 239.

The condition of defendant has not changed except that he has remarried. He was earning $40 per week at the time of the original decree and is still earning $40 per week.

Plaintiff is 47 years old, not in good health, and is conducting a boarding house. Her gross income from steady roomers and boarders is approximately $85 per month. In addition, she has an irregular boarding trade but her income therefrom is not shown. The only expense she has is house rent of $15 per month, together with the usual items of heat, water, light, incidentals, upkeep and food, the cost of which is not estimated but the court takes notice that it is an appreciable amount. She has inherited 50 acres of land in Ohio, but has not yet received the deed, and its value and utility are not given. She still owes $90 on the furniture lien.

We agree with the court that defendant has not shown plaintiff to be self-supporting nor proved such a change of condition as would justify modification of the decree.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.