LANGDELL *v.* LANGDELL.

1. APPEAL AND ERROR—EQUITY—REVERSAL OF DECREES.

Although the Supreme Court hears chancery cases *de novo* it does not reverse decrees made by a trial court unless convinced they are unfair and inequitable and not in accordance with the just rights of the parties.

2. DIVORCE — ALIMONY — SUPPORT OF CHILDREN — MODIFICATION OF DECREE.

Order finding husband able to comply with terms of decree of divorce requiring husband to make payments of $62.50 per month during lifetime of wife, or until her remarriage, and from $52.50 to $112.50 to daughter, which payments were in accord with an agreement of the parties and made at a time when he was employed at $525 a month *held*, proper and decree not

subject to modification about 10 years later when his salary was $625 a month although order requiring payment of $2,190 arrearage within 90 days is modified to permit payment thereof at rate of $75 per month in addition to other payments required by decree until full amount of arrearage is met (3 Comp. Laws 1929, § 12748).

3. SAME—ABILITY TO PAY—EVIDENCE.

In proceeding to modify terms of decree of divorce requiring husband, employed as engineer on a salary, to make monthly payments, exclusion of testimony of a banker as to general business conditions *held*, not error where husband's ability to pay was not determined thereby and defendant himself had introduced testimony as to the decline in value of his own assets.

Appeal from Jackson; Williams (Benjamin), J. Submitted May 28, 1938. (Docket No. 109, Calendar No. 40,028.) Decided June 30, 1938.

Bill by Gertrude L. Langdell against Joseph C. Langdell for a divorce. Decree for plaintiff. On petition to modify decree. Order denying petition. Defendant appeals. Modified and affirmed.

*Whiting & Kleinstiver,* for plaintiff.

*Bisbee, McKone, Wilson, King & Kendall,* for defendant.

BUSHNELL, J.   Mrs. Langdell obtained a decree of divorce from defendant on July 7, 1927, which required him to make the following payments: For the wife, $62.50 per month during her lifetime, or so long as she remained unmarried; for the daughter, $52.50 per month for a term of five years from and after June 28, 1927, $97.50 per month for the next five years, and $112.50 per month thereafter until November 26, 1942, when she would attain the age of 21 years. Neither party has since remarried.

Langdell has been continuously employed as an engineer by a public utility. In 1927 his salary was

$525 per month. From 1928 to 1936 it varied from $550 to $625 and, since January 1, 1937, his salary has been $625 per month.

The payments ordered in the decree were in accord with an agreement between the parties. Since the decree, written agreements were entered into temporarily reducing the payments $25 per month on July 16, 1932, and $40 per month on August 1, 1934, both agreements being subject to cancellation by Mrs. Langdell on one month's notice. It was agreed that the difference should accumulate to be paid whenever, in the judgment of the court, defendant's financial condition would warrant such payment.

On September 8, 1936, Mrs. Langdell gave notice of cancellation of these agreements but Langdell refused to resume payments according to the terms of the decree or pay the arrearage. She then filed a petition to require such payment and Langdell filed a counter-petition to modify the decree and be relieved from payment of the arrearage. After proofs were taken, the circuit judge entered an order denying the relief sought by defendant and requiring him to pay arrears of $2,190 within 90 days from September 1, 1937, that being the date of the order.

On December 8, 1937, defendant filed a petition in which he alleged that, since the order of September 9th, (dated September 1st) his financial condition had materially and critically changed; stocks which he owned and which were then worth $17,500 had diminished greatly in value, and that the Farmers State Bank of Concord, which holds this stock as security for an indebtedness of $5,000, was pressing him for the payment of $150 per month on this debt. He prayed, therefore, that the order of September 9th be set aside and that the provisions of the original decree be modified so as to reduce the monthly

payments from $175 to $120 and the arrearage to $500.

At the hearing on this petition the claim was made by defendant that his net worth had decreased from $13,000 on September 1, 1937, to $900. However, the circuit judge denied the relief requested and found "that the petitioner is still able to comply with the terms of the decree * * * and that he ought so to do," and entered an order accordingly on January 3, 1938. Defendant appeals from this order.

Appellant argues that *Van Nest* v. *Van Nest,* 266 Mich. 34, is authority for reversal of the order from which he has appealed. That case is distinguishable on its facts. What we said there is applicable here:

"It is not the policy of this court to reverse decrees unless convinced that they are unfair and inequitable. In *Moore* v. *Moore,* 231 Mich. 209, at 210, Justice FELLOWS said:

" 'We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties.' "

In view of all the circumstances, the circuit judge came to the proper conclusion. Notwithstanding the claims of defendant, the fact remains that his salary is greater by $100 per month than it was when the decree was entered. There is no showing of any diminution of income from defendant's stock; nor is there any evidence of a decrease in the funds ordinarily used by defendant to make the payments. There is no such showing of change of condition as would warrant modification of the decree. *Schweim* v. *Schweim,* 233 Mich. 67.

In addition to the *Schweim* and *Van Nest Cases, supra,* we have been guided by the provisions of 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106), and the cases of *Perkins* v. *Perkins,* 10 Mich. 425,

*Jenkins* v. *Jenkins,* 259 Mich. 543, *Soller* v. *Soller,* 266 Mich. 248, and *Loomis* v. *Loomis,* 273 Mich. 7.

Defendant strongly urges that if he is required to pay the arrearage immediately he will have to liquidate assets and suffer large capital losses thereby. We are impressed by this argument and the order of the circuit court should be modified as to the time within which the arrearage should be paid. Defendant should pay $75 per month in addition to the payments required by the decree until the full amount of the arrearage is met.

Appellant claims the court was in error in sustaining plaintiff's objection to the following question which was put to Frank Aldrich, a witness for appellant.

"In your experience as a banker, did you ever recall a sharper or more serious recession in such an interval of time?"

General business conditions had no bearing on defendant's ability to pay. He had introduced testimony as to the decline in the value of his own assets and the inquiry suggested by the question was immaterial.

The order of the circuit court is modified and affirmed and the cause remanded for the entry of an order consistent with this opinion. Costs to appellee.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.