ROWE *v.* ROWE.

DIVORCE—MODIFICATION OF DECREE AS TO ALIMONY.
> On defendant husband's petition for modification of decree re-
> quiring him to pay his wife $100 a month alimony, showing
> made *held*, insufficient to warrant reduction of alimony where
> evidence shows that salary of $396 a month at time of divorce
> has continued at same rate and that while he may now be the
> principal support of his widowed mother, he lives in his
> mother's home, there being no material change of circumstances.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted October 12, 1939. (Docket No. 131, Calendar
No. 40,733.) Decided December 19, 1939.

Bill by Mabel M. Rowe against Charles F. Rowe
for divorce on grounds of extreme cruelty. On peti-
tion for modification of decree. Decree for defend-
ant. Plaintiff appeals. Reversed and remanded for
reentry of original decree.

*Frank C. Rommeck (Nicholas J. Rothe,* of coun-
sel), for plaintiff.

*Bodman, Longley, Bogle, Middleton & Farley,*
for defendant.

NORTH, J. This is an appeal by plaintiff from an
order modifying the provision for the payment of
alimony in a decree of divorce. The original decree
provided that the defendant should pay to plaintiff
as alimony $100 per month during the remainder of
her life or until her remarriage. It is plaintiff's

contention on this appeal that no facts or circumstances were shown to exist which justified the circuit judge in reducing alimony from $100 per month to $65 per month.

Mr. and Mrs. Rowe were married in June, 1922. They lived together until July, 1935, when defendant left plaintiff. Of this marriage one child was born but died prior to the divorce. In her bill of complaint filed in April, 1936, plaintiff charged defendant with extreme cruelty. Defendant's default for nonappearance was entered and plaintiff was given a decree of divorce in August, 1936. Neither party has remarried.

From the record now before us we think it fairly appears that prior to the decree of divorce the parties agreed upon the provision for property settlement which was embodied in the decree. When defendant's present petition for modification of the decree was before the friend of the court for investigation, he stated to the friend of the court:

"I did not contest my wife's bill and I gave her our home, our furniture, and *agreed to pay her $100 per month alimony.*"

The home property of these parties was of substantial value, but the initial payment of $2,000 was made by plaintiff and the balance of the purchase price (with the exception of $285 which she has paid since the divorce) was evidently accumulated and paid by the parties during the time they lived together. Defendant was in the employ of the Ford Motor Company at the time these parties were divorced and was receiving $396 per month. He is still in the employ of the Ford Motor Company as assistant cashier and receiving the same rate of pay. It thus appears that alimony at the rate of $100 per month originally decreed was approximately 25 per cent. of defendant's earnings.

As bearing upon defendant's claim of a change in his ability to comply with the provision in the original decree as to paying alimony, the following is all there is in his petition:

"Petitioner further represents that he is the principal support of his mother and that because of the expense incurred therein and because of his endeavor to set aside certain amounts for her protection and in addition because of the changing financial status of the plaintiff, he is desirous of relief from the monthly payments ordered to be made to the plaintiff, Mabel M. Rowe."

The defendant attempts to use as a further ground in support of his application for reduction of permanent alimony two things: (1) That plaintiff, seemingly by living economically, has accumulated a bank account in the amount of $3,000; and (2) that she has a prospective inheritance from the estate of her deceased mother in an amount between $2,000 and $2,500. In an attempt to account for the expenditure of his monthly income of $396 and to establish an apparent need for modifying the alimony provision, defendant gave to the friend of the court the following itemized statement of his monthly expenditures:

```
"Alimony ...............................$100
  Board and room to mother................  50
  Car payments ...........................  27
  Lunches, laundry, cleaning and pressing....  10
  Car expense ............................  40
  Entertainment...........................  50
  Clothing ...............................  25
  Golf ...................................  30
  Income tax .............................   4
  Helps mother on household bills..........  25
                                           ────
                          Total    $361"
```

We think it conclusively appears from this set-up that if defendant has found himself unable to live within his income and accumulate something for the protection of his mother, it is entirely his own fault. In this connection it may be noted that plaintiff is living in the home which his widowed mother owns. The outstanding fact disclosed by this record is that defendant, who for obvious reasons of his own made it quite impossible that plaintiff should continue to live with him and offered her rather attractive inducements in the way of payment of alimony, has grown tired of the bargain he made. The record shows no material change bearing upon the necessity or the justice of modifying the provision for alimony as embodied in the original decree, and we think the trial court was in error in ordering a modification reducing the payments by more than one third. *Schweim* v. *Schweim,* 233 Mich. 67; *Tuthill* v. *Tuthill,* 259 Mich. 272; *Soller* v. *Soller,* 266 Mich. 248; and *Langdell* v. *Langdell,* 285 Mich. 268.

In the *Tuthill Case* above cited, concerning a petition to reopen the case and revise the order for alimony, Mr. Justice WIEST, speaking for the court, said:

"The petition did not state any ground for modification of the award in the decree. No new facts or change of circumstances, arising after the decree, were alleged. This was fatal upon the question of modification."

The order of modification of the circuit judge will be vacated and the case remanded to the circuit court, in chancery, for reentry of the original decree in accordance herewith. Appellant will have costs of this court.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER and McALLISTER, JJ., concurred.