## BAXTER v. BAXTER.

1. DIVORCE—MODIFICATION OF DECREE—SUPPORT OF CHILDREN.

   Statute authorizing court which had granted decree of divorce to make subsequent revision thereof concerning the care, custody, and maintenance of the children as the circumstances of the parents and benefit of the children shall require is applicable to matter presented on appeal from order merely modifying decree in respect to amount of money husband was required to pay wife for support of their only child (3 Comp. Laws 1929, § 12739).

2. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—JUSTIFICATION.

   A provision of a decree relative to support money for minor children of parties to suit for a divorce may not be modified except upon a showing of a change of circumstances justifying such modification (3 Comp. Laws 1929, § 12748).

3. SAME—ENTRY OF DECREE IN SUPREME COURT—SUBSEQUENT MODIFICATION.

   Decree entered in Supreme Court in divorce case restoring payments for support of minor children which had been required by decree prior to modification from which appeal was taken is without prejudice to the right to make future modification upon showing made justifying same (3 Comp. Laws 1929, §§ 12739, 12748).

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 10, 1941. (Docket No. 64, Calendar No. 41,444.) Decided March 11, 1941.

Bill by Martha M. Baxter against Wayne B. Baxter for a divorce. On defendant's petition to modify decree. Decree modified. Plaintiff appeals. Reversed and decree ordered entered in Supreme Court.

*Victor H. Wehmeier,* for plaintiff.

*Stuart D. Hubbell* (*George K. Williams,* of counsel), for defendant.

NORTH, J. In this noncontested divorce case, plaintiff was decreed a divorce from the bonds of matrimony on February 6, 1940. One child was born to the parties, a boy now about six years of age. The decree provided that defendant should pay to plaintiff $12.50 per week for the support and maintenance of this child. On April 4, 1940, plaintiff filed a petition upon the hearing of which the decree was amended to include therein $20.50 unpaid alimony which had accrued under a temporary order, $64.50 unpaid since decree, and also an attorney fee of $50. On October 24, 1940, upon hearing defendant's petition for a modification of the decree, the circuit judge granted the petition and modified the decree by reducing the weekly amount to be paid for the support and maintenance of the minor child to $9.50 per week; with a further provision that defendant should also pay $2 per week to apply on $174 which defendant was then in arrears under the terms of the former decree. Plaintiff has appealed from that portion of the amended decree wherein weekly payments for the support of the child were reduced from $12.50 per week to $9.50 per week.

Appellant contends that since there was no showing of a change of conditions the circuit judge was in error in modifying the decree. On the other hand appellee asserts that the trial court had the power to modify the decree under 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97), which reads:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the cir-

cumstances of the parents, and the benefit of the children, shall require.''

The above-quoted section of the statute is not at all applicable to the matter now under consideration. It has to do only with a modification of a decree ''concerning the care, custody and maintenance of children.'' Prior to the modification of the decree from which this appeal is taken, the provision in the decree in the particular just noted was as follows: ''That the said plaintiff, Martha M. Baxter, is hereby given the care, custody and right to educate and maintain Wayne Robert Baxter, the minor child of the marriage, provided, however, that the defendant shall have the right to see the said child at frequent intervals during reasonable hours.'' This provision was not altered in any way in the amended decree of October 24, 1940.

It is more reasonable to infer that the circuit judge assumed power to modify the decree in the manner above noted under the following statutory provision:

''After a decree for alimony or other allowance, for the wife and children, or either of them, * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, * * * and may make any decree respecting any of the said matters which such court might have made in the original suit.'' 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106).

Notwithstanding the provisions of the statute just above quoted, we have repeatedly and consistently held that the trial court cannot modify its decree in the particular under consideration, except upon a showing of a change of circumstances which justifies such modification. *Perkins* v. *Perkins,* 12 Mich. 456;

*Chandler* v. *Chandler,* 24 Mich. 176; *Reynolds* v. *Reynolds,* 115 Mich. 378; *Smith* v. *Smith,* 139 Mich. 133; *Creyts* v. *Creyts,* 143 Mich. 375 (114 Am. St. Rep. 656); *Meyers* v. *Meyers,* 161 Mich. 487; *Sherman* v. *Kent,* 223 Mich. 200; *Gould* v. *Gould,* 226 Mich. 340; *Schweim* v. *Schweim,* 233 Mich. 67; *Tuthill* v. *Tuthill,* 259 Mich. 272; *Soller* v. *Soller,* 266 Mich. 248; *Foltz* v. *Foltz,* 281 Mich. 179; *Langdell* v. *Langdell,* 285 Mich. 268; *Rowe* v. *Rowe,* 291 Mich. 451.

In the instant case there is no showing of a change of circumstances as to either of the parties which bears materially upon the issue of whether defendant should be decreed to pay $12.50 per week or $9.50 per week for the support of the minor child. It follows that the circuit judge was in error in modifying the decree. A decree will be entered in this Court restoring the provision for payments at the rate of $12.50 per week; and the cause will be remanded to the circuit court in chancery for the enforcement of the decree, but without prejudice to the right of that court to make future modifications should justification therefor be made to appear. Appellant will have costs of this Court.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.