### SIMS v. SIMS.

1. APPEAL AND ERROR—SUPREME COURT CONFINED TO RECORD PRESENTED.

On appeal in divorce case, the Supreme Court is confined to the record and cannot consider facts not appearing from the record.

2. DIVORCE—CUSTODY OF MINOR CHILD.

In making determination as to custody of minor child in divorce proceedings, the first consideration is for the welfare of the child and the desires, claims, and affections of the parties must yield to the course that is best for the welfare, happiness, and future of the child.

3. SAME—CHILDREN CONSIDERED AS WARDS OF THE COURT.

Children of divorced parents are, in a sense, wards of the court and their welfare must be guarded.

4. SAME—APPEAL FROM AMENDED DECREE—RIGHT OF VISITATION—CUSTODY OF CHILD.

On appeal from decree amending original decree of divorce relative to husband's right of visitation and custody of minor child of parties, provisions relative thereto of the original decree from which no appeal was taken and which was obtained by plaintiff husband in an uncontested suit are assumed to have been proper and satisfactory to both court and plaintiff.

5. SAME—QUESTIONS REVIEWABLE ON APPEAL FROM AMENDED DECREE.

On appeal from decree amending original unappealed decree of divorce relative to husband's right of visitation and custody of minor child of the parties, the only question before the Supreme Court is whether there has been any change of circumstances or new facts arising since the original decree was entered which warrant the modification granted.

6. SAME—DISCRETION OF COURT—AMENDMENT OF DECREE—CUSTODY OF CHILDREN.

The trial court has broad discretion as to amendment of divorce decrees and the custody of children.

7. SAME—MODIFICATION OF DECREE—VISITATION—CUSTODY—REPORT OF FRIEND OF COURT—EVIDENCE—PETITIONS—CHANGE OF CIRCUMSTANCES.

After entry of original decree of divorce from which no appeal was taken, where, at hearing had on petition for amendment thereof relative to right of visitation and custody of children, no testimony was taken and petitions of the parties and report of the friend of the court do not show any material change of circumstances arising since original decree was entered justifying entry of decree modifying original decree with respect to such matters, such amended decree is vacated and original decree restored.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 3, 1941. (Docket No. 26, Calendar No. 41,538.) Decided June 30, 1941.

Bill by James C. Sims against Agnes Sims for divorce. On petition for modification of decree. Decree for plaintiff. Defendant appeals. Reversed and original decree restored.

*Potvin & Ryal,* for plaintiff.

*Clarence A. Bradford,* for defendant.

Starr, J. This is an appeal by defendant from an amended decree of divorce and order denying motion for rehearing and reconsideration . of such amended decree.

Plaintiff and defendant were married November 4, 1930, and one child, Barbara Sims, was born December 22, 1933. Plaintiff began divorce proceedings January 21, 1937, and defendant filed answer which was by stipulation withdrawn. Plaintiff obtained an uncontested decree of divorce June . 17, 1938. Such decree provided for the custody and support of such minor child as follows:

"It is further ordered, adjudged and decreed, that the defendant, Agnes Sims, shall have the care, custody, control and education of Barbara Sims, the minor child of the parties hereto until the said Barbara Sims shall arrive at the age of 17 years, and that the plaintiff, James C. Sims, shall be permitted to see said minor child once each week, at a time which is mutually agreeable to both parties hereto, and further, the said James C. Sims shall have the right to have Barbara Sims with him every other week for a period of not to exceed four hours during the daytime at times mutually agreeable to both parties hereto, it being mutually understood that during the particular week when James C. Sims has the right to have Barbara Sims with him he shall have no further right of visitation during that week.

"It is further ordered, adjudged and decreed, that said plaintiff, James C. Sims, shall pay this defendant, Agnes Sims, the sum of $8 per week for the support and maintenance of said minor child until said child shall reach the age of 17 years or until the further order of this court."

Soon after this original decree was entered, plaintiff filed petition to amend so as to extend the time of his visits and the time of his possession of the child. Defendant also filed petition to amend so as further to restrict plaintiff's right of visitation and possession of the child. The friend of the court filed report September 9, 1938, recommending that both petitions to amend be denied. An order was entered September 15, 1938, denying defendant's petition. The record does not disclose any action by the court on plaintiff's petition.

Both parties remarried within one year after the original decree was entered. On June 20, 1940, plaintiff filed a second petition to amend the decree. He sought to extend the time he would have possession of the child each week, custody of the child for two months during the summer vacation, and relief from payment of alimony during such two-month period. Plaintiff alleges in his petition, as grounds for amendment of the decree, that both he and defendant have remarried; that the distance from his home to defendant's home is approximately 15 miles; that because of the restricted hours of possession, he does not have the child at his home for more than one hour; that when he visits the child at defendant's home, he is compelled to make such visit in the child's bedroom; that defendant through her counsel has sought to have him consent to the adoption of the child by defendant's present husband. Defendant filed answer and cross petition

to amend the decree so as further to restrict plaintiff's visitation and possession of the child.

The report of the friend of the court, filed September 16, 1940, containing the sworn statement of both parties, indicates there is considerable bitterness and animus between the parties regarding the visitation and possession of the child by plaintiff. Such report in part states:

"It is apparent that it would be extremely difficult to make any order of visitation or any other order with reference to the minor child that would be agreeable to the parties to this suit."

The report shows plaintiff was earning an average of $245 per month and was in arrears $62 in his required payments of $8 per week for support of the child. The report recommends that the petitions of both plaintiff and defendant be denied, except that the provisions of the decree permitting plaintiff to have possession of the child every other week be increased from four to six hours. Both parties filed objections to the recommendations of the friend of the court.

The matter came on for hearing and was argued by attorneys for both parties. No testimony was taken in connection with the petition and counter-petition. On November 18, 1940, the court entered an amended decree of divorce which substantially follows the original decree, except as to plaintiff's right of visitation and possession of the child. Such amended decree provides, in part:

"That the plaintiff, James C. Sims, shall have the right to have said minor child, Barbara Sims, with him and to take her from her mother's home every other week end, beginning the week end of Friday, November 29, 1940, for a period from 6:30 o'clock Friday evening until 6:30 o'clock Sunday evening,

and that during the summer months, the said James C. Sims, shall have the right to have the said child with him for a period of one month during the month of July, beginning July 1, 1941."

Defendant filed motion for rehearing and reconsideration of the amended decree, alleging that such decree was entered without notice to defendant or her attorney, and that plaintiff was then upwards of $90 in arrears in his weekly payments for the support of the child. The court denied such motion for rehearing, and defendant appeals.

In considering this case on appeal, we are confined to the record and cannot consider facts not appearing from the record. No testimony was taken. We have only the petitions of the parties and the report of the friend of the court for consideration. Such report seems to well present the facts and situation that exists as regards the parties and their minor child. The trial court apparently disregarded, or at least did not follow, the recommendation of the friend of the court.

Our first consideration is for the welfare of this minor child. The desires, claims, and affections of the parents must yield to the course that is best for the welfare, happiness, and future of the child. We have repeatedly recognized the rule that children of divorced parents are, in a sense, wards of the court and their welfare must be guarded. *Smith* v. *Ritter*, 292 Mich. 26; *Chadwick* v. *Chadwick*, 275 Mich. 226; *Herman* v. *Wayne Circuit Judge*, 236 Mich. 604. The original decree was obtained by plaintiff in an uncontested suit. We, therefore, assume such decree, when entered, was, so far as the possession and visitation of the child is concerned, proper and satisfactory to both the court and plaintiff.

The only question before us is whether there has been any change of circumstances or new facts arising since the original decree was entered which warrant the modification granted.

In *Kelly* v. *Kelly*, 194 Mich. 94, 102, we said: "Have new facts arisen since the decree was made justifying its modification?" In *Rowe* v. *Rowe*, 291 Mich. 451, 454, petition was filed for modification of a decree of divorce, and the court there held:

"The record shows no material change bearing upon the necessity or the justice of modifying the provision for alimony as embodied in the original decree, and we think the trial court was in error in ordering a modification."

See, also, *Walton* v. *Walton*, 290 Mich. 48; *Bishop* v. *Bishop*, 286 Mich. 567; *Langdell* v. *Langdell*, 285 Mich. 268; *Foltz* v. *Foltz*, 281 Mich. 179; *Tuthill* v. *Tuthill*, 259 Mich. 272.

In the *Tuthill Case, supra,* Mr. Justice WIEST, speaking for the court, said:

"The petition did not state any ground for modification of the award in the decree. No new facts or change of circumstances, arising after the decree, were alleged. This was fatal upon the question of modification. *Sherman* v. *Kent,* 223 Mich. 200; *Quinn* v. *Quinn,* 226 Mich. 239; *Gould* v. *Gould,* 226 Mich. 340; *Schweim* v. *Schweim,* 233 Mich. 67."

We recognize the trial court has broad discretion as regards the amendment of divorce decrees and the custody of children. *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Joslyn* v. *Ohlmacher,* 229 Mich. 181. However, no testimony was taken and the petitions of the parties and report of the friend of the court do not show any material new facts or change of circumstances arising since the original decree was

entered which justify the amended decree as regards plaintiff's possession and visitation of the child.

Furthermore, the child is a little girl of tender and impressionable age and is now apparently well cared for by her mother in a good home environment. She should remain with her mother, with only limited possession and visitation privileges by the father as provided in the original decree. Any change at this time in the original decree as regards possession and visitation of the child by plaintiff will only accentuate the bitterness and strained relations between the parties and may result detrimentally to the child. It is difficult to reconcile plaintiff's alleged interest in the welfare of his child with his failure to make the required weekly payments for her support, at a time when his income was amply sufficient.

As the record shows no new facts and no material change of circumstances arising since the original decree was entered which justify the modification as regards plaintiff's right of possession and visitation of the child, the amended decree should be vacated.

As the amended decree is to be vacated, the objection of defendant to the entry of such decree without notice to defendant or her attorney is immaterial.

The amended decree of divorce entered November 18, 1940, is accordingly vacated, and the original decree of June 17, 1938, is hereby restored in full force and effect. Defendant shall have costs.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Wiest, and Butzel, JJ., concurred.