BINKOW *v.* BINKOW.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SEPARATE MAINTE-
NANCE.
On appeal from order extending period during which defend-
ant husband was required to provide separate maintenance,
entered following petition filed shortly before expiration of
two-year period of maintenance required by original decree,
questions of whether or not plaintiff was or is entitled to a
decree of separate maintenance and whether two-year limita-
tion in the decree was valid are not before the Supreme Court,
where no appeal was taken from original decree and time for
rehearing or appeal therefrom has elapsed (3 Comp. Laws
1929, § 12794).

2. HUSBAND AND WIFE—SEPARATE MAINTENANCE—JURISDICTION.
Provision of decree granting separate maintenance for a
definite two-year period allowing either party to apply to
the court for further directions did not constitute a reserva-
tion of jurisdiction beyond the two-year period (3 Comp.
Laws 1929, § 12794).

3. COURTS—JURISDICTION—STATUTES—DIVORCE—SEPARATE MAINTE-
NANCE.
Jurisdiction of circuit courts in chancery in divorce and sepa-
rate maintenance proceedings is entirely statutory as is the
power to award alimony (3 Comp. Laws 1929, § 12794).

4. HUSBAND     AND     WIFE—SEPARATE     MAINTENANCE—ALIMONY—
CHANGED CONDITIONS.
In the absence of any showing of new or changed conditions,
a decree for alimony, in separate maintenance proceeding,
containing no reservation of the power of modification, can-
not be altered after the expiration of the time for rehearing
or appeal (3 Comp. Laws 1929, § 12794).

Appeal from Wayne; Callender (Sherman D.), J.
Submitted June 6, 1941. (Docket No. 64, Calendar
No. 41,611.) Decided September 2, 1941.

Bill by Vera Binkow against Abraham Binkow for separate maintenance. Cross bill for divorce. Decree for plaintiff. On plaintiff's petition to extend decree. Amended decree for plaintiff. Defendant appeals. Reversed.

*Seaborg & Rice,* for plaintiff.

*Berger & Manason (John Sklar,* of counsel), for defendant.

BOYLES, J. The only question in this case is, whether the circuit court in chancery, after granting plaintiff a decree for separate maintenance for two years without reserving further jurisdiction, and without any showing of changed conditions, can amend the decree after the two years have elapsed to extend its provisions for an additional two years.

In March, 1937, plaintiff filed a petition in the circuit court for Wayne county in chancery against her husband under the provisions of 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211), for separate support and maintenance, and for injunctive and other relief. The defendant filed a cross bill for divorce. After more than the usual number of interlocutory proceedings, the circuit court in November, 1938, filed an opinion dismissing the cross bill and finding that the plaintiff was entitled to a decree for separate maintenance. In this opinion, the court said:

"The plaintiff asks for a permanent decree for separate maintenance. Equity does not warrant the full relief which plaintiff prays for—that is, a permanent decree for separate maintenance—and this court will not issue a permanent decree for separate maintenance upon the proofs and pleadings before him. * * * I am only going to grant what I think equity calls for, and that is a decree for sepa-

rate maintenance *for a period of two years.* That decree will not order that you live separately. It will order Mr. Binkow to pay a certain amount for the plaintiff's support. If the plaintiff and defendant, at any time during the pendency of this order or decree for separate maintenance, desire to live together, there will be nothing in the decree to prevent it, *and the decree will be limited to two years,* with the hope that within the two years you will mutually agree to live together.''

Decree was entered December 3, 1938. In it, the court, after adjudging the defendant had been guilty of nonsupport and extreme cruelty but that the plaintiff was not entitled to the full relief prayed for by her, decreed as follows:

''It is further ordered, adjudged and decreed, and this court does hereby decree that while the equities in the case are not all with the plaintiff, that the above plaintiff, Vera Binkow, is entitled to separate maintenance for a period of two years from the date hereof, and that the above-named plaintiff be allowed, and the above-named defendant do pay to her, the sum of $150 per month for the support of herself, provided that such sum shall be due and payable in advance, commencing as of the date of this decree, and $150 per month in advance thereafter, for a period of two years from and after the date of the entry of this decree.   *   *   *

''It is further ordered, adjudged and decreed, and this court does so decree that the provisions herein made shall be decreed as support for the plaintiff until the further order of this court, and that either party be at liberty to apply to this court for further directions as circumstances may require.''

The decree further ordered defendant to pay $745 arrears of temporary alimony, upwards of $900 attorney fees and expenses, and enjoined the defendant from selling or incumbering certain property. No appeal was taken from this decree.

In November, 1940, plaintiff filed a petition alleging that the two-year period was about to expire, and asked that the decree be extended and its provisions continued in effect. No new conditions or change of circumstances were alleged, and no reason set up for granting the extension except that the decree was about to expire and that it was necessary some provision be made for plaintiff's continued support. The defendant moved to dismiss the petition, claiming the court had no authority to grant the same. No testimony was taken. After hearing arguments, the court on February 13, 1941, entered an amended decree ordering the defendant to pay plaintiff $150 per month for her support, commencing December 3, 1940, for a period of two years from and after the date of entry of the amended decree, and continuing the injunction in effect. Defendant appeals.

If any testimony was taken in the entire proceeding either on the original bill or on the subsequent petition, the record does not disclose the same. During the course of this long-drawn-out proceeding, the record discloses there were 123 calendar entries, including several reports filed by the friend of the court which likewise are not in the record. Counsel for defendant argue at length that because the facts and circumstances on which the original decree was based negative plaintiff's right to a divorce (see proviso in 3 Comp. Laws 1929, § 12794 [Stat. Ann. § 25.211]), therefore, she was not entitled to a decree for separate maintenance or to a decree extending the period of time originally granted plaintiff for separate maintenance. The question whether plaintiff was or is entitled to a decree of separate maintenance is not before us. Neither are we now concerned with the legality of that provision in the de-

cree limiting separate maintenance to two years. The decree was not appealed from and the time for rehearing or appeal has elapsed.

It is apparent from the court's opinion and from the decree itself that the plaintiff was granted a decree for separate support and maintenance definitely limited to a period of two years. We cannot agree with counsel for appellee that the proviso allowing either party "to apply to this court for further directions" overcomes the definite provisions otherwise found in the decree limiting the time. There was no reservation of jurisdiction in that regard.

Jurisdiction of circuit courts in chancery in divorce and separate maintenance proceedings is entirely statutory. The power to award alimony is wholly statutory. *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913 A, 800); *Emmons* v. *Emmons,* 199 Mich. 626 (L.R.A. 1918 B, 866); *Ritzer* v. *Ritzer,* 243 Mich. 406; *Shafer* v. *Shafer,* 257 Mich. 372; *Winter* v. *Winter,* 276 Mich. 665. The statute under which the instant proceeding is brought (3 Comp. Laws 1929, § 12794 [Stat. Ann. § 25.211]) refers to the allowance granted the wife for separate maintenance as "alimony" and provides the court may require the husband to pay such sums for her support as it shall deem necessary in like manner as in case of suit for divorce. We have repeatedly held that, in the absence of any showing of new or changed conditions, a decree for alimony, containing no reservation of the power of modification, cannot be altered after the expiration of the time for rehearing or appeal. *Mayer* v. *Mayer,* 154 Mich. 386 (19 L. R. A. [N. S.] 245, 129 Am. St. Rep. 477); *Gundick* v. *Gundick,* 208 Mich. 34; *Sherman* v. *Kent,* 223 Mich. 200; *Quinn* v. *Quinn,* 226 Mich. 239; *Gould* v. *Gould,*

226 Mich. 340; *Schweim* v. *Schweim*, 233 Mich. 67; *Tuthill* v. *Tuthill*, 259 Mich. 272; *Hill* v. *Hill*, 266 Mich. 402; *Foltz* v. *Foltz*, 281 Mich. 179; *Mack* v. *Mack*, 283 Mich. 365; *Rowe* v. *Rowe*, 291 Mich. 451; *Sims* v. *Sims, ante,* 491. The court was in error in entering the amended decree.

Reversed, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.