SLATER *v.* SLATER.

1. DIVORCE—SUPPORT OF CHILDREN—STATUTES—COMMON LAW.
   A father's duty to support his minor children after divorce is imposed not only by statute but by the common law (CL 1948, § 552.16).

2. SAME—SUPPORT OF CHILDREN—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.
   The trial court may not modify a divorce decree with reference to father's weekly payments for child support except on a showing of change of circumstances which justifies such modification (CL 1948, § 552.16).

3. SAME—SUPPORT OF CHILDREN—EARNINGS OF WIFE—CHANGE OF CIRCUMSTANCES.
   The fact that since decree of divorce to defendant wife she has been earning $21 per week does not inure to plaintiff husband's benefit as a change of circumstances diminishing his obligation to support his children by payment of $23 per week (CL 1948, § 552.16).

4. SAME—PETITION FOR MODIFICATION OF DECREE.
   A petition for modification of decree of divorce as to amount required of husband for support of the children is not a

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation, § 692.
[1] Liability of father for support of children awarded to mother by decree of divorce not providing for maintenance.   81 ALR 887.
[2–5] 17 Am Jur, Divorce and Separation, § 703.

rehearing of the original case nor a review of the equities of the original decree (CL 1948, § 552.16).

5. Same—Modification of Decree—Support of Children.

Order reducing father's obligation to pay $23 per week to $18 per week for support of children 2 and 7 years of age at time of decree was improper where his "take-home" pay is the same as when decree was entered and wife who pays her parents $20 per week for support and care of the children is herself earning $21 per week (CL 1948, § 552.16).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 6, 1950. (Docket No. 25, Calendar No. 44,718.) Decided May 18, 1950.

Divorce proceedings by Leigh T. Slater against Virginia Slater for divorce. Decree for defendant on cross bill. Petition by plaintiff for reduction of amounts decreed for support of children. Decree amended. Defendant appeals. Reversed.

*Linsey, Shivel, Phelps & VanderWal,* for plaintiff.

*Lilly, Luyendyk & Snyder* (*Douglas W. Hillman,* of counsel), for defendant.

Boyles, C. J. On November 8, 1948, the defendant was granted a divorce on her cross bill. By the decree she was given the custody of the 2 children then of the ages of 2 and 7 years, respectively, and plaintiff was ordered to pay $23 per week for their support and maintenance. Four months after the decree became final,* the plaintiff filed a petition to reduce the weekly payments and the circuit judge, after hearing the parties, reduced the allowance for the children's support to $18 per week. The defendant appeals.

---

* The decree became final at the end of 6 months. Court Rule No 51 (1945), as amended October 13, 1947.

Under the property settlement in the decree the defendant was awarded the household goods, and the home, which was subject to a mortgage which the defendant was required to assume. She was awarded $1 in lieu of dower and was not awarded any alimony. She found it impossible to meet the payments of $42 per month required by the mortgage, or to pay approximately $360 in arrears on the mortgage and some other debts, and sold the home. Her equity amounted to about $3,000. She had no other savings. Defendant is now living with her parents, paying them $20 per week for the support and care of the children. She is employed, earning about $21 per week.

The grounds on which the plaintiff relies, for a reduction of the allowance, are that the defendant is now earning $21 per week, and that she is no longer required to keep up the payments on the mortgage. He also relies on the fact that his "take-home" pay is only $64.90 per week, the same as at the time the decree was entered.

In addition to the statutory provision that requires plaintiff to support his minor children after divorce (CL 1948, § 552.16 [Stat Ann 1949 Cum Supp § 25.96]), that obligation is also imposed by the common law. *West* v. *West*, 241 Mich 679. The trial court may not modify a divorce decree with reference to weekly payments for child support except on a showing of change of circumstances which justifies such modification. *Baxter* v. *Baxter*, 296 Mich 567; *Chipman* v. *Chipman*, 308 Mich 578. The fact that defendant is earning $21 per week does not inure to plaintiff's benefit as a change of circumstances diminishing his obligation to support his children. *Renn* v. *Renn*, 318 Mich 230.

"No new facts or change in condition of the parties arising since the decree to justify its modification

are shown. It is well settled that in the absence of such showing the decree may not be so modified. *Smith* v. *Smith,* 139 Mich 133; *Quinn* v. *Quinn,* 226 Mich 239. * * * It is also settled that this proceeding is 'not a rehearing of the original case, or a review of the equities of the original decree.' *Sherman* v. *Kent,* 223 Mich 200." *Gould* v. *Gould,* 226 Mich 340.

An order will be entered setting aside the order amending the decree and remanding for further proceedings under the original decree as entered. Costs to appellant.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.