VERBEKE v. VERBEKE.

1. DIVORCE—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.
   The mere fact that the purchasing power of the dollar was greater in foreign country to which plaintiff wife had taken the couple's 4 children to live, than in the United States, would not justify an order modifying decree of divorce as to award of child support money.

2. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—CHANGE OF CIRCUMSTANCES.
   A trial court may not modify a divorce decree with reference to payments for child support except upon a showing of change of circumstances justifying such modification.

3. SAME—MODIFICATION OF DECREE—REHEARING—EQUITY.
   A proceeding to modify a decree of divorce as to payments for support of children is not a rehearing of the original case, or a review of the equities of the original decree.

4. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILDREN—REMOVAL TO GERMANY.
   Divorced husband was not entitled to modification of decree of divorce as to payments for support of children because wife had taken them to live in Germany, where such was her declared intention before decree had been obtained and such was made known to the court and there was not made to appear that there had been any other change of circumstances.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 17A Am Jur, Divorce and Separation § 862.
[3] 17A Am Jur, Divorce and Separation § 861.

Appeal from Macomb; Noe (Alton H.), J. Submitted April 11, 1958. (Docket No. 54, Calendar No. 47,579.) Decided June 12, 1958.

Bill by Henny Verbeke against Arthur E. Verbeke for divorce. Decree for plaintiff. Subsequent petition by defendant for modification granted, reducing support money for children. Plaintiff appeals. Reversed and remanded.

*Abram Sapiro* and *Jack Stattmann,* for plaintiff.

*Cohen & Cohen,* for defendant.

KELLY, J. January 16, 1956, the Hon. Alton H. Noe, circuit judge of Macomb county, granted plaintiff a decree of divorce and custody, care and control of the 4 minor children of the parties hereto, and ordered defendant to pay to the friend of the court $40 per week ($10 per child) for their support and maintenance.

On September 9, 1957, Judge Noe modified the decree, reducing the $40 per week support payments to $10 per week, and provided "that all arrearages due and owing since the date of entry of the decree be computed at the rate of $2.50 per week for each child and the arrearage due and owing as of August 19, 1957, is hereby determined to be in the amount of $470."

Plaintiff appeals from the order of September 9, 1957, reducing arrearages and modifying the decree as to support for the minor children.

Defendant failed to make any support payments and in June, 1956, when he was $800 in arrears, plaintiff filed her petition praying for an order to show cause why he should not be punished for contempt.

An order to show cause was issued, and on August 10, 1956, defendant filed his "petition to cancel arrearages, and suspend temporary alimony and payments." In his petition, after alleging that the decree of divorce was entered in January, 1956, defendant stated:

"That thereafter, on the 27th day of February, 1956, plaintiff herein took said children to the country of Germany, after announcing to defendant her intention of never returning to the United States or allowing him to see the children again.   *   *   *

"That he has also been informed that said children are being well taken care of and supported by the family of plaintiff who are well to do and earning large sums of money.   *   *   *

"That while defendant is aware of his obligation to support his children, he feels that he should not be ordered to do so, so long as said children are permanently removed beyond the jurisdiction of the courts of the United States."

August 19, 1957, plaintiff answered defendant's petition, admitting that "she took the children to Germany with the knowledge and consent of the defendant," and stating that before the divorce was granted she informed the conciliator of the Macomb county circuit court that she intended to take the children to Germany if the decree were granted and she was given custody of the children, and the conciliator made known this fact to the court in his report. The record sustains plaintiff in this regard, and shows that on January 3, 1956, the conciliator's report to the court was filed, recommending that plaintiff be given custody of the children and that the defendant should pay $14 per child per week, or a total of $56 per week for their care and support. The report contains the further statement:

"Plaintiff, Henny Verbeke, intends to live in Europe with the children if and when the circuit

court grants a decree of divorce to the parties herein."

Defendant's petition of August 10, 1956, to cancel arrearages and modify decree was referred to the conciliator, who filed his report to the court on August 29, 1956, stating:

"It is the recommendation of this office that the defendant's petition to cancel arrearages, and suspend temporary alimony and support payments be denied."

No testimony was taken by the court before entering the order of modification. Defendant did not contend that his financial condition had changed, but called attention to the fact that plaintiff could purchase more per dollar in Europe than she could purchase per dollar in the United States. This fact did not justify the court's order of modification.

Justice Wiest in *Tuthill* v. *Tuthill,* 259 Mich 272, 274, stated:

"The petition did not state any ground for modification of the award in the decree. No new facts or change of circumstances, arising after the decree, were alleged. This was fatal upon the question of modification." (Citing cases.)

In *Slater* v. *Slater,* 327 Mich 569, 571, 572, this Court said:

"The trial court may not modify a divorce decree with reference to weekly payments for child support except on a showing of change of circumstances which justifies such modification. * * * The fact that defendant is earning $21 per week does not inure to plaintiff's benefit as a change of circumstances diminishing his obligation to support his children. *Renn* v. *Renn,* 318 Mich 230.

" 'No new facts or change in condition of the parties arising since the decree to justify its modification are shown. It is well settled that in the absence

of such showing the decree may not be so modified. *Smith* v. *Smith,* 139 Mich 133; *Quinn* v. *Quinn,* 226 Mich 239. * * * It is also settled that this proceeding is "not a rehearing of the original case, or a review of the equities of the original decree." *Sherman* v. *Kent,* 223 Mich 200.' *Gould* v. *Gould,* 226 Mich 340."

There was no showing of new facts or change in condition and the order modifying the decree is set aside and vacated and the case remanded to the Macomb circuit court to carry forward the provisions of the decree, both in regard to arrearages and future payments to be made under said decree. Costs to appellant.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.