HARDEN v. WIDOVICH.

1. Money Lent—Nonjury Case—Evidence.

Finding of trial court in nonjury action for money lent, due, demanded, and refused, that defendant got the money under such circumstances that it should be repaid by him *held*, not against the preponderance of the evidence, where the testimony was irreconcilable and the trial court was in a far better position to judge the truth than the Supreme Court, there being ample motivations for perjury on each side of the case.

2. Appeal and Error—Nonjury Cases—Preponderance of the Evidence.

The Supreme Court does not disturb the factual determination in a law case tried by the trial court without a jury unless the evidence clearly preponderates against the judgment of the lower court.

3. Money Lent—Adultery.

Fact that defendant man and plaintiff husband's wife were parties to an adulterous relationship over a period of 2 years previous to defendant's obtaining approximately $18,000 in cash which had been put in plaintiff husband's trunk would not bar plaintiff husband from recovering judgment against defendant for sum found to be due in action for money lent, where the husband was not a party to the illicit relationship.

----

References for Points in Headnotes

[1] 4 Am Jur, Assumpsit § 49.
[2] 3 Am Jur, Appeal and Error § 896.
[3] 4 Am Jur, Assumpsit § 42.
[5] 15 Am Jur, Damages § 278.

4. APPEAL AND ERROR — GREAT WEIGHT OF EVIDENCE — SUPREME
COURT.
   Appellant who claims that judgment for plaintiff was against
   the great weight of the evidence must put the entire evidence
   before the Supreme Court in order that it may apply the
   law applicable to the claim of error made.
5. SAME—STATEMENT OF FACTS—APPENDIX—PUNITIVE DAMAGES—
REMAND.
   Determination as to whether punitive damages should be imposed
   upon appellant in action for money lent for noncompliance
   with court rules relative to preparation of statement of facts
   and appendix is not made by Supreme Court, and in view of
   sordid nature of case and needlessness of preserving a scanda-
   lous involvement in the public records, the matter is referred
   back to the trial court for investigation, recommendation, and
   report to the Supreme Court pursuant to court rule (Court
   Rules No 67, §§ 2, 6; No 70, § 5 [1945]).

Appeal from Monroe; Weipert, Jr. (William J.), J.
Submitted April 12, 1960. (Docket No. 44, Calendar
No. 48,086.) Decided June 6, 1960.

Attachment by George W. Harden and Annie O.
Harden against Michael Widovich for recovery of
money lent. Judgment for plaintiffs. Defendant
appeals. Affirmed.

In respect to adequacy of presentation on appeal
and whether penalty for inadequate record should
be assessed, case remanded for investigation, recom-
mendation, and report to Supreme Court pursuant
to Court Rule No 70, § 5 (1945). See opinion on ac-
ceptance of report, 361 Mich 422.

*Kelley & Kelley,* for plaintiffs.

*Meisner & Meisner (Ivan I. Meisner* and *Thomas
L. Poindexter,* of counsel), for defendant.

SMITH, J. This case involves an action for money
lent. Plaintiffs are George Harden and Annie
Harden, his wife. The defendant is Michael Wido-
vich. He and Mrs. Harden had been intimate for
some 2 years prior to the occurrence of the matters
here to be related.

George Harden, having "a feeling" about banks, kept in a trunk in his home a substantial amount of cash. Last counted by him in January of 1957, it amounted to $17,500. In April of that year he discovered that $15,000 of this sum was missing. He saw, he testified, in a dresser drawer a promissory note (which later disappeared) for such sum, which bore the signature of defendant. It was payable, his wife testified, to George and Annie O. Harden, on December 1, 1957, and bore interest at 6%. Mr. Harden called defendant immediately, that same night, and told him he "thought it was kind of bad for him to get money out of my wife without asking me for it," to which defendant replied that he would pay it all back when it was due. At a later date, in October of 1957, Mr. Harden, in his bedroom, heard defendant talking with his wife out in the hall and being asked to sign a note. What was actually signed then is before us, not a promissory note but a crude homemade "promissory undertaking which," the trial court commented, "both counsel refrained from dignifying with the name of promissory note." This instrument evidences a total obligation of $18,000, additional sums having been obtained subsequently to that heretofore mentioned. The action before us is grounded upon money lent, due, demanded, and refused.

Both Mrs. Harden and Mr. Widovich had their own versions of just how the money was, or was not, obtained, and where it went, but this much is clear— that Mr. Harden had $17,500 in the trunk to start with and that the trunk was substantially emptied of money later, and not by him. The trial court believed that defendant got the money under such circumstances that it should be repaid by him, and we are not persuaded that he was in error. The testimony of the parties is, as the trial court noted, irreconcilable. We have reviewed it in detail but

we are unpersuaded that, as appellant asserts, judgment for the plaintiffs was against the great weight of the evidence. There were, as we view the disgraceful situation, ample motivations for perjury on each side of the case and the trial court was in a far better position to judge the truth than we. We do not disturb the factual determination in a law case tried to the court unless the evidence clearly preponderates against the judgment of the lower court. *Insealator, Inc.,* v. *Wallace,* 357 Mich 233. Here it does not.

But, defendant asserts, even if there was a loan it was "designed to promote the adulterous relationship between the parties," which, it is urged, involved the "worst kind" of illicit cohabitation, that the consideration for the "contract" was therefore illegal, and that the court should refuse to enforce the agreement. What this argument overlooks is that plaintiff George W. Harden, described by the court as "the wronged husband in this case," was not a party to any kind of illicit cohabitation and there is no valid reason why, in addition to the other indignities suffered by him, he should also lose his savings. The illegality of the relationship between his wife and defendant was merely collateral to the cause of action sued upon and does not bar recovery. 52 Am Jur, Torts, § 92. *Cf. Van Auken* v. *Chicago & West Michigan R. Co.,* 96 Mich 307 (22 LRA 33).

The judgment is affirmed, with costs to appellee.

As we observed in *Greenough* v. *Greenough,* 354 Mich 508, 521: "Our adjudicative process is now at an end and we are asked, pursuant to the new rules,[*] to assume the penalizing function."

The appellees have charged appellant with violation of Court Rule No 67 (1945),[*] requiring the ap-

---

[*] See 347 Mich xiv, xxii; 355 Mich xiv.—REPORTER.

pellant to make a statement of facts to be presented without argument or bias and in such manner as to fairly present the same (section 2), and, in addition, to include in his appendix all parts of the record which should be considered by the Court in order fairly to judge the issues on appeal from the standpoint of both appellant and appellee (section 6). As a result of appellant's alleged failure in these respects, appellees assert that they have been put to considerable time and expense in the preparation of an additional appendix and in correcting appellant's statement of facts in order to make a fair presentation thereof.

We have commented in prior opinions upon this situation. *Greenough* v. *Greenough, supra.* We need not repeat the general observations there made. So far as the instant case is concerned, appellant's contention that the judgment for the plaintiffs was against the great weight of the evidence makes it incumbent upon him to put the entire evidence before us, in order that, upon review thereof, we may apply the law applicable to the claim of error made. We do not, in some situations presented to us, of which this is one, deem it in furtherance of the judicial process that we preserve for posterity in the public records, at the taxpayers' expense, the sordid details of a scandalous involvement. Nevertheless we cannot weigh the evidence in arriving at decision unless it is fully and fairly put before us and this is the burden of the appellant. (Court Rule No 67 [1945]*.)

Our study of the appendices and the briefs demonstrates that the matter should be referred back to

* As amended. See 347 Mich xxii.—Reporter.

the trial court for investigation, recommendation and report to us under Court Rule No 70, § 5 (1945).*

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

*As amended. See 347 Mich xxviii. See opinion on acceptance of report, 361 Mich 422.—REPORTER.