HARDEN *v.* WIDOVICH.

1. APPEAL AND ERROR — REMAND — NONCOMPLIANCE WITH COURT
   RULES — APPENDIX — ASSESSMENT OF DAMAGES.

   The Supreme Court approves the recommendation of circuit court
   on remand that appellant be assessed $800 damages for his
   failure to comply with court rules relative to preparation of
   appendix on appeal, violations of such court rule being so
   widespread as to require at least such limited enforcement in
   this case, where at least 40 hours of extra work was necessarily
   required of appellee's counsel (Court Rules No 67, No 70, § 5
   [1945]).

2. SAME—APPENDIX—VIOLATION OF COURT RULE—PUNITIVE DAM-
   AGES.

   The Supreme Court approves recommendation of circuit court
   on remand from Supreme Court that punitive damages au-
   thorized by court rule not be imposed in view of the good
   reputation of appellant's counsel in this case (Court Rule No
   70, § 5 [1945]).

Appeal from Monroe; Weipert, Jr. (William J.), J.
Submitted April 12, 1960. (Docket No. 44, Calen-
dar No. 48,086.) Decided June 6, 1960. Report sub-
mitted August 22, 1960. Approved September 15,
1960. Supplemental opinion filed September 26,
1960.

On remand from Supreme Court for investigation,
recommendation, and report to the Supreme Court
pursuant to Court Rule No 70, § 5 (1945). See
359 Mich 566, 571.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error § 768.

*Kelley & Kelley,* for plaintiffs-appellees.

*Meisner & Meisner* (*Ivan I. Meisner* and *Thomas L. Poindexter,* of counsel), for defendant-appellant.

PER CURIAM.   Pursuant to the reference back to the circuit court ordered by this Court on June 6, 1960, the following report was received from the circuit court for the county of Monroe:

### "Recommendation and Report to the Supreme Court Under Court Rule No 70, § 5 (1945).

"On June 7, 1960, this circuit court entered the following order:

" 'On reading and filing the opinion of the Michigan Supreme Court dated June 6, 1960, deciding the appeal taken to said Court from the verdict and judgment of this court by the defendant herein, said verdict and judgment having been affirmed by the Supreme Court, and the matter referred back to this court for investigation, recommendation, and report to the Supreme Court under Court Rule No 70, § 5 (1945), as amended;*

" 'It appearing from the opinion of the Supreme Court that

" 'The appellees have charged appellant with violation of Court Rule No 67 (1945),† requiring the appellant to make a statement of facts to be presented without argument or bias and in such manner as to fairly present the same (section 2), and, in addition, to include in his appendix all parts of the record which should be considered by the Court in order fairly to judge the issues on appeal from the standpoint of both appellant and appellee (section 6).   As a result of appellant's alleged failure in these respects, appellees assert that they have been put to considerable time and expense in the

---

* See 347 Mich xxviii, xxx.
† See 347 Mich xxii; 355 Mich xiv.

preparation of an additional appendix and in correcting appellant's statement of facts in order to make a fair presentation thereof.

" 'It is ordered that plaintiffs-appellees present their contentions as aforesaid in writing to this court by June 15, 1960, with copy to opposing counsel by said date, and that defendant-appellant present any answer thereto in writing on or before June 20, 1960. If said matters are covered in the Supreme Court briefs counsel may if desired present copies of the same with such supplementary materials as may be required.

" 'Hearing is hereby scheduled for Tuesday, June 21, 1960, at 4 p.m.'

"Oral argument before this court being waived by the attorneys, briefs were submitted and have been fully considered. The court has likewise studied each appellate brief and appendix in detail, with transcript of the testimony taken at the trial.

"Preliminary to that study, the court read through appellant's appendix and brief as originally filed in the Supreme Court. Appellant's appendix is so truncated as to make the case almost unrecognizable to the original trier of the facts. There can be no question that at least 75% of appellee's appendix of 136 pages was made necessary—not merely 'desirable', but necessary in the interests of justice—by appellant's failure to comply with Court Rule No 67 (1945), as amended.

"To reduce a week-long trial that produced a transcript of 509 pages to an appendix of 63 pages (the size of appellant's exclusive of pleadings; and perhaps a sixth of that consists of asterisks denoting omissions) and fairly lay before the appellate court an 'against the great weight of the evidence' assignment of error, any lawyer should know to be a virtual impossibility. Counsel for appellant did not accomplish the virtually impossible—or come anywhere near it. The deficiency had to be made good either by each justice poring over the official transcript, available only in a single copy—more than a 'vir-

tual' impossibility, if the Supreme Court is to decide more than a few cases per term—or by counsel for appellees. A lawyer's elementary duty to his client required the latter.

" 'Where only a portion of the testimony or exhibits is included in the appendix, there must also be included therein all other testimony and exhibits relating to the same subject matter and to the credibility thereof.' Court Rule No 67, § 6 (1945), as amended.* It is found that this requirement was disregarded in the extreme.

"Counsel for appellant urge that their brief's almost complete omission of page references to the appendix should not be considered at this time, because Justice SMITH's opinion does not specifically mention it. The reference to Court Rule No 67, however, is considered reference enough. The labor to which counsel for appellees was put by this additional disregard of elementary fairness in presentation was prodigious. Before counsel could safely say that a particular statement of fact was wholly without record support, combing of the voluminous transcript was required. Many instances have been demonstrated, where appellees were put to this needless and onerous task of proving negatives; many more, where partial statements of appellant required first documentation and then counterdocumentation.

"Contrary to the rule, appellant's statement of facts is not 'clear,' 'concise' or 'chronological.' It does not 'fairly present the facts, both favorable and unfavorable.' It makes no 'appropriate indication of those facts which are undisputed and those which are in controversy.'

"Counsel for appellant state that they advised their client to abandon the 'weight of evidence' assignment of error because of the expense of presentation. They add: 'However, Mr. Widovich insisted on presenting both questions. Shortage of funds was one of the major factors in preparing the record.

---

* See 355 Mich xiv.

Since a large amount of money had already been expended in investigation by detectives and for the transcript, counsel could not in good faith refuse to present all questions.' This the trial court believes, but it obviously cannot repeal the appellate rules. Fairness to *both* sides requires their enforcement.

"Counsel for appellees has supported by affidavit his claim for the following award of damages:

" 'At the very least, plaintiffs' counsel has devoted 200 hours to the preparation, checking and filing of plaintiffs' appendix and brief. Of the 200 hours, a minimum of at least 100 hours was spent, as absolutely necessary, in the correction of defendant's appendix and brief, by the preparation of the plaintiffs' appendix, arrangements for printing and the like, including the correction of defendant's statement of facts, the printing of the counterstatement of facts, and the checking and correction of page references, and the lack of page references, in defendant's argument. Plaintiffs submit that the usual, prevailing, fair charge for such services is at the rate of $25 per hour. In addition to the services rendered, plaintiffs estimate that telephone calls to the printer, and mileage, involved another $20, minimum. Also, in order to correct just one of defendant's false assertions, to-wit: that 'one of the witnesses lived in a distant town' (defendant's brief, page 18), plaintiffs expended the sum of $25 for certified copies of the plat of Leedy's Gardens, attached to and made a part of plaintiffs' appendix.'

" 'Wherefore, plaintiffs seek an award of damages from defendant, in accordance with the provisions of Court Rule No 70 (1945), for the following, in addition to the judgment for money damages previously awarded plus interest and costs in both courts, as follows:

Attorney fees . . . . . . . . . . . . . . . . . . . . . $2,500
Other expenses . . . . . . . . . . . . . . . . . . 45
10% of award of money damages . . 1,800

Total . . . . $4,345'

*"Recommendation*

"It is found that a minimum of 40 hours extra work was necessarily required by counsel for appellees by reason of appellant's failure to comply with the appellate rules.

"An award of damages under Court Rule No 70 (1945), as amended,* is recommended, for the above, based on the Monroe County Bar Association minimum fee schedule for office work, $20 per hour, in the amount of $800.

"That the foregoing is far from unreasonable is the more apparent when it is considered that to require experienced and able counsel, capable of producing the craftsman's product of appellees' appendix and brief, to work at minimum bar rates, is not very full measure of justice to that counsel or his client. It is hardly 'punitive' to the other side. Moreover, had counsel for appellant made such unnecessary by complying with the court rules, since they were not the trial counsel they would certainly have required even more time, chargeable to appellant, to do the same work.

"Together with printing expenses which appellees will recover as regular taxable costs, the above suffices to make appellees whole. It is 'an amount equivalent to *actual* damages and expense incurred by the opposing party, including reasonable attorney's fees.' Court Rule No 70, § 5 (emphasis supplied).

"Although it is true that the quoted rule includes the foregoing as specific components of 'punitive damage,' the additional provision of Court Rule No 70 for 'an added amount not exceeding 10%' of the original judgment is more clearly punitive in nature. Whether such should be imposed in addition (appellees ask the full 10%, or $1,800), occasions the trial court more difficulty in reaching a recommendation. Considerations such as the prior record of counsel in the Supreme Court, the extent to which

---

* See 347 Mich xxviii, xxx.

widespread violation of the rules may require vigorous enforcement, are involved in the ultimate determination.

"The trial court would prefer not to make a recommendation thereon; assuming that such is required, however, and for whatever help it may be, the court believes that bad faith of counsel in the obvious and morally reprehensible sense has not been established. The good reputation of counsel for appellant has been considered. The trial court does find 'the existence of wilful or reckless disregard of the rules, or violations so widespread as to impeach other reasonable explanation,' requiring the $800 damage award recommended. (Quotation from Justice SMITH's opinion in *Greenough* v. *Greenough*, 354 Mich 508, at 527.) It is believed, however, that an award of more damages than necessary to make appellees whole ($800) is not required by the circumstances of this case, and such is not recommended. Nor does the trial court find necessary or recommend any further or additional disciplinary action.

"The presentations of counsel submitted to the trial court are also filed herewith.

> "Respectfully submitted,
> /s/ WILLIAM J. WEIPERT, JR.
> Circuit Judge,
> 38th Judicial Circuit,
> Monroe, Michigan

"Dated: August 19, 1960."

Upon receipt of the foregoing, and upon consideration thereof, the above recommendation was adopted and approved by this Court upon September 15, 1960, and the same was ordered printed in full in the Michigan Reports. The clerk will issue the necessary orders in implementation thereof.