## THOMSON v. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—CONSTRUCTION OF STATUTES.

The home-rule city act constitutes a general grant of rights and powers, subject only to certain enumerated restrictions, instead of previous method of only granting enumerated rights and powers definitely specified (CL 1948, § 117.4j).

2. SAME — HOME-RULE CITIES — ORDINANCES — HOUSING BUREAU — STATUTES—CHARTERS.

Home-rule city's ordinance establishing a housing bureau, not being prohibited by either the home-rule city act nor by the city charter, was not without the power of the city to adopt (CL 1948, § 117.4j; City of Dearborn Ordinance No 51–659, as amended by Ordinance No 55–1088).

3. APPEAL AND ERROR—VEXATIOUS APPEAL.

Claim that plaintiff's proceeding and appeal from decree adverse to him entitled defendant to punitive damages for a vexatious appeal, *held*, not to sustain the assessment of a penalty under record presented.

4. SAME—COURT RULES—REMAND FOR ASSESSMENT OF DAMAGES FOR NONCOMPLIANCE—APPENDIX.

Case is remanded for assessment of damages for noncompliance with court rule respecting contents of appellant's appendix, where case was submitted on the pleadings but appellant's appendix did not contain defendant's answer nor ordinances upon which the Supreme Court was called upon to pass in suit

---

* Continued from Volume 361.

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 102.
[2] 37 Am Jur, Municipal Corporations § 107.
[3] 3 Am Jur, Appeal and Error § 1267.
[4] 3 Am Jur, Appeal and Error § 1215.

to enjoin disbursement of tax moneys for operation of housing
bureau which plaintiff claimed was invalid (CL 1948, § 117.4j;
City of Dearborn Ordinance No 51–659, as amended by Ordi-
nance No 55–1088; Court Rule No 67; No 70, § 5 [1945]).

Appeal from Wayne; Targonski (Victor) and Piggins (Edward S.), JJ. Submitted October 5, 1960. (Docket No. 15, Calendar No. 48,645.) Decided December 1, 1960.

Bill by James Thomson against the City of Dearborn, a municipal corporation, to declare void a city ordinance creating a housing bureau. Bill dismissed. Rehearing denied. Plaintiff appeals. Affirmed. Remanded for recommendation in respect to assessment of punitive damages on question of adequacy of presentation on appeal.

*James Thomson*, in propria persona.

*Ralph B. Guy, Jr.*, Corporation Counsel, and *Carl P. Garlow*, Assistant Corporation Counsel, for defendant.

Smith, J. Plaintiff filed bill of complaint *in propria persona* to have decreed "illegal and void" ordinance No. 51–659 of the city of Dearborn, as amended, and to have enjoined the defendant city's disbursement of tax moneys for the operation of the housing bureau established by such ordinance. It is alleged (and denied by the city) that the expenditure of the funds for the operation of the housing bureau "is an illegal expenditure" and "that the ordinance is illegal and is without authority in that it proposes a proprietary function and has no statutory authority for its existence."

The case was never tried, having been submitted to the trial court on the pleadings and briefs of the parties. The trial court held as follows:

"The following facts were stipulated by the parties:

"Plaintiff by way of complaint filed October 16, 1956, seeks to have certain ordinances of the city of Dearborn declared illegal and void, specifically ordinance No 51–659, as amended by ordinance No 55–1088, being the ordinances creating a Dearborn housing bureau. Plaintiff bases his claim upon the allegation that there is no authority for the adoption of such an ordinance and that the ordinance proposes a proprietary and hence illegal function.

"Defendant admits the passage of the ordinance and the existence and operation of the housing bureau and that such is supported by council appropriation from tax moneys received by the city of Dearborn. By way of defense, defendant asserts that there is full authority for creation of such a department and that the functions by the housing bureau are proper functions of a home-rule city.

"After such stipulation of facts the matter was continued for submission of briefs by counsel for the respective parties. Through some inadvertence the briefs did not come to the attention of the court when they were filed and it was only when the court was in the process of clearing up its docket at the year's end that it was discovered that this matter was still outstanding and incomplete. A search was then made and the briefs came to the court's attention.

"Section 8.7 of the Dearborn city charter provides in part as follows: 'The council shall have power to create a historical commission and other commissions or departments when, in its opinion, the proper administration of the business or the special interests of the city requires. No such commission or department may be created which invades or supplants the duties or functions of the department hereby created, or the directors thereof, as set forth in this charter.'

"Section 4-j of the home-rule act, being CL 1948, § 117.4j (Stat Ann 1949 Rev § 5.2083), provides as follows:

" 'Sec. 4-j. Each city may in its charter provide:

" '(1) For the establishment of any department that it may deem necessary for the general welfare of the city, and for the separate incorporation thereof: Provided, however, That these provisions shall not be construed to extend to and include public schools.'

"Question arises as to what powers are granted to municipalities under the home-rule act. 'The new system is one of general grant of rights and powers, subject only to certain enumerated restrictions, instead of the former method of only granting enumerated rights and powers definitely specified. We must assume the act was passed with that intent and construe it accordingly.' *Conroy* v. *City of Battle Creek,* 314 Mich 210, 221.

"We find no prohibition of the type of department operated by the city of Dearborn under its ordinance adopted pursuant to the provisions of the home-rule act. We agree that it might be beneficial tax-wise to leave this type of function to real-estate brokers and their salesmen. However, we do take cognizance that the defendant municipal corporation contends that one of the functions of its department is to seek public housing for its senior citizens. This we recognize is not a function that is normally performed by real-estate offices operating for private gain. We also recognize that this is an area in which there is a serious need in all parts of the country. Thus at least this one phase of the housing bureau's operation does serve a legitimate governmental purpose which seeks to meet an existing public need. On this basis we see no way to deny the continued operation of the housing bureau. Accordingly the decree shall be presented for entry dismissing the plaintiff's bill of complaint."

The appellant has submitted neither case nor text authority, nor argument on principle, sufficient to persuade us there is error in the foregoing. Accordingly it is affirmed, with costs to appellee.

Defendant city prays, also, that it be awarded punitive damages for vexatious appeal, asserting, in fact, that plaintiff's "conduct right from inception of this lawsuit has indicated a vexatious course of action." We do not find in the litigation or in the appeal such clear purpose of delay or lack of reasonable basis for belief in its merits that a penalty should be assessed. However, we do note that there has been, on appellant's part, a disregard of the requirements of Michigan Court Rule No 67 (1945).* For example, although the case was submitted on the pleadings, the defendant's answer has been omitted from appellant's appendix, as well as the ordinances upon which we are called to pass. The case will, accordingly, be remanded to the circuit court for investigation, recommendation and report to us under Court Rule No 70, § 5 (1945).† See *Greenough* v. *Greenough,* 354 Mich 508; *Harden* v. *Widovich,* 359 Mich 566, report of circuit judge approved and adopted, 361 Mich 422.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* See amendments, 347 Mich xxii, 355 Mich xiv.—REPORTER.
† See 347 Mich xxx.—REPORTER.