## BERNSTEIN v. BERNSTEIN.

1. DIVORCE—SUPPORT FOR CHILD IN COLLEGE—CONTEMPT—EVIDENCE.
   Finding of trial court in contempt proceeding against husband that there was no accumulated unpaid balance due for support of child of the parties under order requiring that he pay "not to exceed $45 per week" *held*, not error, where the record presented to Supreme Court does not disclose what living expenses for the child were actually incurred during the period involved and it cannot be said that the payments actually made for such support were inadequate for the purpose.

2. SAME—CONTEMPT—MODIFICATION OF DECREE—PETITION.
   Trial court's modification of decree of divorce ordering husband to pay living expenses of their child at college "not to exceed $45 per week" by fixing defendant's obligation at $35 per week, made in proceeding to hold husband in contempt for arrearage in such payments, *held*, beyond the trial court's authority in the absence of a petition for such modification by either party to the case, or showing of a change in circumstances.

3. SAME—COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are allowed on wife's appeal from order not holding her husband in contempt for arrearages under order to pay "not to exceed $45 per week" for support of their child at college and because of trial court's modification of the decree fixing husband's obligation in such respect at $35 per week, where finding of no arrearages is affirmed but modification is reversed, since neither party has prevailed in full.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 17, 1961. (Docket No. 86, Calendar No. 49,185.) Decided March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Divorce and Separation § 873 *et seq.*
[2] 17 A Am Jur, Divorce and Separation §§ 861–863.
[3] 14 Am Jur, Costs § 97.

Bill by Esther A. Bernstein against Frank A. Bernstein resulted in decree of divorce with provision for college education of minor child. On contempt proceedings court found compliance, and in effect modified decretal order. Plaintiff appeals. Affirmed in part and reversed in part.

*Sol J. Schwartz,* for plaintiff.

*Walter M. Nelson,* for defendant.

SOURIS, J. Five months after entry of a decree of divorce in plaintiff's favor, there was filed in her behalf a petition (later supplemented) for order to show cause why defendant should not be cited for contempt for nonpayment of alimony, support for a child of the parties and the attorney fee awarded to plaintiff's attorney.

Subsequent to the entry of the order complained of in this appeal, all delinquent payments have been made by defendant except for that which plaintiff claims is due as child support in accordance with the terms of the original decree of divorce. The decree provided that defendant pay for the child's college tuition, books and other reasonable school expenses and, in addition, "the living expenses of said [child] at any college of his choice not to exceed $45 per week."

Plaintiff has taken the position that the quoted language from the decree establishes a fixed sum required to be paid by defendant and, on that hypothesis, claims defendant was $445 in arrears at the time of her petition for order to show cause. At the hearing on the order to show cause, the chancellor properly read the language to mean that defendant's obligation for the child's living expenses while in college would not exceed $45 per week. The record before us does not disclose what living ex-

penses were actually incurred during the period involved nor can we say, on the basis of this record, that defendant's payments actually made for the child's support were inadequate for that purpose. The chancellor did not err, under the circumstances, in finding that there was no accumulated unpaid balance due therefor.

However, in his order denying plaintiff the relief she requested with reference to this disputed item, the chancellor undertook to modify the decree by fixing defendant's obligation thereafter at $35 per week for the child's support. In the absence of a petition for such modification by either party hereto and an evidentiary showing of the child's actual living expenses or, at the very least, any showing of changed circumstances, the chancellor exceeded his authority by so modifying the decree. See *Verbeke* v. *Verbeke,* 352 Mich 632, and *Slater* v. *Slater,* 327 Mich 569.

The order of the chancellor is affirmed except that part which modifies the defendant's obligation for child support, which part is hereby reversed. Neither party having prevailed in full, there shall be no costs taxed.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.