## MEEKER v. HARRINGTON

1. DIVORCE—SUPPORT PAYMENTS—SCHEDULES.
   Support schedules prepared by office of friend of the court should not be used mechanically, since each case must be decided upon its own particular merits based on those facts appearing on the record.

2. SAME—SUPPORT PAYMENTS—MODIFICATION—PROCEDURAL DEFECTS —LACK OF TRANSCRIPT.
   Rehearing must be granted on application for modification of support payments to cure procedural defects where absence of transcript of hearing renders impossible a determination by Court of Appeals whether same result would obtain on rehearing.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 827 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 655 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 676.

3. Same — Support Payments — Modification — Changed Circum-
   stances—Lack of Transcript.

In absence of transcribed record of hearing on petition to collect
arrearage in support payments, modification of support pay-
ments must be set aside as erroneous, since record fails to
show any evidence of changed circumstances justifying the
modification.

Appeal from Mason, Wickens (Charles A.), J. Submitted Division 3 February 6, 1968, at Grand Rapids. (Docket No. 3,256.) Decided December 23, 1968.

Complaint by Marlene Meeker (formerly Marlene Harrington) against Benjamin P. Harrington to collect arrearage in support payments. Judgment of divorce modified as to support payments, and arrearage canceled. Plaintiff appeals. Reversed and remanded.

*Donald G. Jennings,* for plaintiff.

J. H. Gillis, J. Plaintiff, former wife of defendant, by a default judgment of divorce was awarded custody and support of the couple's minor children. During 1966 defendant fell behind in his support payments in the amount of $475. Plaintiff requested the assistance of the friend of the court to collect this arrearage and, on December 5, 1966, at plaintiff's instance, the friend of the court petitioned the circuit court to require defendant to appear and show cause why he should not be held in contempt for his delinquencies.

Defendant appeared, as did plaintiff and the friend of the court, and participated in the proceedings in the trial court. At the conclusion of the proceedings

the trial judge found the support payments[1] to be too high, reduced the payments and cancelled $311 of the arrearage. In his opinion, the trial judge concluded:

"The court found that the income of the defendant, when applied to the existing support schedule, was grossly in excess of what the payments should be."[2]

It is not uncommon for the trial judge to make ready reference to a support schedule prepared by the office of the friend of the court, but such schedules should not be used mechanically; they are at best a guide to the trial judge. It is elementary that each case must be decided upon its own particular merits based upon those facts shown in the testimonial record.

There are substantial procedural problems and problems of waiver posed by this appeal. The trial court ruled that procedural defects were waived by the appearance and conduct of the parties in participating in the proceedings. It was held by the trial judge that a grant of rehearing to correct the procedural defects would merely end in the same result and thus it would be of no use to merely reinstitute the proceedings.

Unfortunately we cannot make this determination because no transcript was made of the proceedings in the trial court. It is impossible to tell whether either of the parties objected or sought to introduce additional evidence at the hearing, and it is

---

[1] The property settlement agreement, executed and agreed upon by the parties hereto and incorporated by the court in the judgment of divorce, provided for a total payment of $66 per week for support and maintenance of the 3 minor children of the parties hereto, plus the necessary hospital, medical and dental expenses for each of said children.

[2] The court obviously meant that the support payments were grossly in excess of what they should have been when the income of the defendant was applied to the existing support schedule.

thus impossible to tell whether the same result would be reached on the rehearing. While the lack of a transcript covering the hearing alone might constitute grounds for rehearing (*Krachun* v. *Krachun* [1959], 355 Mich 167), we do not wish to see the parties go through another proceeding without first discussing the requirements authorizing the trial court to grant a modification.

We should emphasize that there must be a showing on the record of a change of circumstances justifying such modification. *Slater* v. *Slater* (1950), 327 Mich 569; *Baxter* v. *Baxter* (1941), 296 Mich 567; *Chipman* v. *Chipman* (1944), 308 Mich 578. Compare also *Renn* v. *Renn* (1947), 318 Mich 230.

" 'No new facts or change in condition of the parties arising since the decree to justify its modification are shown. It is well settled that in the absence of such showing the decree may not be so modified. *Smith* v. *Smith,* 139 Mich 133; *Quinn* v. *Quinn,* 226 Mich 239. *  *  * It is also settled that this proceeding is "not a rehearing of the original case, or a review of the equities of the original decree." *Sherman* v. *Kent,* 223 Mich 200.' *Gould* v. *Gould,* 226 Mich 340." *Slater* v. *Slater, supra,* pp 571, 572.

To like effect is *Bernstein* v. *Bernstein* (1962) 365 Mich 491. The Court's holding in that case is equally dispositive of our own:

"In the absence of a petition for such modification by either party hereto and an evidentiary showing of the child's actual living expenses or, at the very least, any showing of changed circumstances, the chancellor exceeded his authority by so modifying the decree." (365 Mich 491, 493.)

In the absence of a transcribed record in the present case indicating any evidence of changed circumstances, we are faced with the conclusion that the

modification order was erroneous. There was no authority, based on this record, to so modify the judgment.

The order modifying the judgment of divorce is set aside and the case is remanded for proceedings consistent with this opinion. Costs to appellant.

FITZGERALD, P. J., and BOWLES, J., concurred.