SABAUGH *v.* CITY OF DEARBORN

1. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—PUBLIC WORKS.
   Constitutional provision allowing cities to own and maintain,
   within or without their corporate limits, parks, cemeteries, and
   all other works which involve the public health, or safety is
   not self-executing and must be implemented by statute (Const
   1963, art 7, § 23).

2. MUNICIPAL CORPORATIONS—PUBLIC WORKS—FACILITIES OUTSIDE
   CORPORATE LIMITS.
   Revenue bond act giving effect to constitutional provision allow-
   ing cities to own public works that relate to the public health
   and welfare grants the power to own housing facilities whether
   or not the city issues bonds to finance them and imposes
   no restriction requiring the facilities to be within the state
   of Michigan; therefore defendant city was within its power
   in purchasing an apartment building in Florida for the use
   of its senior citizens (Const 1963, art 7, § 23; PA 1966, Nos
   179, 294).

3. MUNICIPAL CORPORATIONS—PUBLIC WORKS—HOUSING.
   Provision of housing is an enterprise affected with a public in-
   terest, and therefore an ordinance providing for the acquisition
   and operation of public housing facilities is within the power
   of the city to enact under a constitutional provision, imple-
   mented by statute, allowing cities to own and maintain public
   works (Const 1963, art 7, § 23; PA 1966, Nos 179, 294).

Appeal from Wayne, James N. Canham, J.  Sub-
mitted Division 1 November 14, 1968, at Detroit.

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Municipal Corporations § 559 *et seq.*
[2] 38 Am Jur, Municipal Corporations § 570.
[3] 42 Am Jur, Public Housing Laws § 2.

(Docket No. 4,835.)    Decided February 26, 1969.
Leave to appeal granted June 4, 1969.  See 382 Mich
758.

Complaint by Samuel Sabaugh and Joseph L
Woloszynski, Jr., against the city of Dearborn, a
municipal corporation, and certain of its officials.
to enjoin purchase and operation by defendant of
an apartment building in Florida for the benefit of
defendant city's senior citizens, and for other relief.
Defendant's motion for summary judgment granted.
Plaintiffs appeal.  Affirmed.

*James Thomson,* for plaintiffs.

*Ralph B. Guy, Jr.,* for defendants.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and
BEER,* JJ.

PER CURIAM.  Pursuant to its program for pro-
viding adequate housing for the elderly, in 1967 the
defendant, city of Dearborn, by its council unani-
mously adopted a resolution authorizing the pur-
chase of an 88-unit apartment in Clearwater, Flor-
ida.  The facility was intended to house those senior
citizens of Dearborn who could no longer withstand
the rigors of Michigan winters but still sought to
retain a sense of community with other Dearborn
senior citizens desiring to migrate to Florida.

Plaintiffs, taxpayers of the city, immediately re-
quested a restraining order and an order to show
cause, their complaint alleging that the city did not
have the authority to acquire property in Florida.

The defendant filed an answer, a return to the
order to show cause, a motion for accelerated judg-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

ment or for summary judgment, or both, and a brief in support thereof. At a hearing held in circuit court, plaintiffs' petition for temporary relief was denied and defendant's motion to dismiss was granted.

Plaintiff's appeal, challenging both the constitutionality and the statutory authority of the city's purchase and operation of an apartment building in Florida.

The Michigan Constitution of 1963, art 7, § 23, provides as follows:

"Any city or village may acquire, own, establish and maintain, *within or without its corporate limits*, parks, boulevards, cemeteries, hospitals and *all works which involve the public health or safety*."[1] (Emphasis supplied.)

While this provision of the Constitution is not self-executing (*Wayne Village President* v. *Wayne Village Clerk* [1949], 323 Mich 592 [8 ALR2d 357]), it has been implemented by, *inter alia,* the revenue bond act. *Thomson* v. *City of Dearborn* (1957); 348 Mich 300. That act, in relevant part, provides as follows:

"Any public corporation is authorized to purchase, acquire, construct, improve, enlarge, extend or repair 1 or more public improvements and to own, operate and maintain the same, within or without its corporate limits *   *   *. The exercise by any public corporation of such powers outside its corporate limits shall be subject to the legal rights of the political subdivision within which such powers are to be exercised and shall also be subject to any and all constitutional and statutory provisions relating thereto. *   *   *

"The term 'public improvements' is hereby defined as and limited to the following improvements: Hous-

---

[1] This section is substantially similar to Const 1908, art 8, § 22.

ing facilities * * *." CL 1948, §§ 141.103, 141.104, as amended by PA 1966, Nos 179, 294 (Stat Ann 1969 Cum Supp §§ 5.2733, 5.2734).

The fact that the city did not issue bonds under this act does not prevent applicability of the statute because the above section also provides:

"The powers granted in this act may be exercised notwithstanding that no bonds are issued hereunder."

Thus, the Constitution, as implemented by the revenue bond act, expressly allows a municipal corporation to acquire public works involving public health or safety outside the city's corporate limits. See *Village of St. Clair Shores* v. *Village of Grosse Pointe Woods* (1947), 319 Mich 372.

Moreover, the fact that the acquisition occurs outside of Michigan as well as being outside the corporate limits does not destroy its legality. As indicated in *McLaughlin* v. *City of Chattanooga* (1944), 180 Tenn 638, 642 (177 SW2d 823):

"The phrase 'within or without the geographical limits of such municipalities' is as broad as the universe, since every point is either within or without the limits of a municipality. In its broad sense it includes territory which is within the confines of a municipality and all of that which is not so situated, including that of another municipality."

Therefore, a Michigan municipality is entitled to acquire real property in another state. See generally *State of Georgia* v. *City of Chattanooga* (1924), 264 US 472 (44 S Ct 369, 68 L Ed 796); *Haeussler* v. *City of St. Louis* (1907), 205 Mo 656 (103 SW 1034).

Plaintiffs' contention that Const 1963, art 7, § 23, in granting power as to works involving public

health or safety, does not provide for power to purchase and operate housing for senior citizens also is without merit. Michigan courts have upheld municipal establishment of a housing department pursuant to a statute implementing Const 1963, art 7, § 23. See *Thomson* v. *City of Dearborn, supra; Thomson* v. *City of Dearborn* (1960), 362 Mich 1. Similarly, the Court has held that construction of housing is an enterprise affected with a public interest. *Advisory Opinion re Constitutionality o PA 1966, No 346* (1968), 380 Mich 554, 574. Thus, acquisition and operation of public housing undoubtedly involves the public health, and the revenue bond act is clearly constitutional in its implementation of § 23. Therefore, acquisition and operation of public housing by municipalities for senior citizens has both constitutional and statutory support.

While the defendant city also contends that plaintiffs-taxpayers lack standing to challenge the municipal ordinances involved, our disposition of the preceding issues forecloses need for discussion of this issue. Since plaintiffs have presented no legal authority denying a Michigan municipal corporation the power to establish public housing outside the State, we hold that the City of Dearborn has such power.

Affirmed. No costs, a public question being involved.