COGAN v COGAN

Docket No. 59427. Submitted May 4, 1982, at Detroit.—Decided July 28, 1982. Leave to appeal applied for.

Sandra Cogan obtained a judgment of divorce from Leon Cogan. During the proceedings Leon Cogan admitted paternity of the parties' two minor children. Plaintiff Sandra Cogan was awarded custody of the children and defendant was ordered to pay child support. Subsequently defendant filed a motion "to determine paternity and/or abate child support" in which he alleged that he had discovered that the blood type of one of the children was such as to indicate that defendant was not the child's natural father. The Oakland Circuit Court, Robert B. Webster, J., granted accelerated judgment to plaintiff, holding that the defendant's motion was barred by res judicata and estoppel. Defendant appealed. *Held:*

1. Defendant's motion, based on a claim of new evidence, requires a showing that the evidence could not have been discovered at the time of trial by the exercise of due diligence and that due diligence was, in fact, exercised. The defendant has made no attempt to show such due diligence. Thus, the trial court properly granted accelerated judgment to plaintiff.

2. The Court of Appeals has determined that this appeal was vexatious and remands to the circuit court for a determination of the amount of punitive damages to be assessed against the defendant.

Affirmed and remanded.

1. ESTOPPEL — RES JUDICATA.

The doctrine of res judicata will act to bar retrial not only of

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 394.
[2] 58 Am Jur 2d, New Trial § 169.
    Facts or evidence forgotten at trial as newly discovered evidence which will warrant grant of new trial in civil case. 50 ALR2d 994.
[3] 59 Am Jur 2d, Parent and Child § 56.
    Excessiveness of amount of money awarded as child support. 1 ALR3d 382.
    Adequacy of amount of money awarded as child support. 1 ALR3d 324.

issues which were actually adjudicated in a former action but also of every point which properly belongs to the subject of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time of the. former action.

2. Evidence — Newly Discovered Evidence — Relief From Judgment.

A party is required to show that due diligence was exercised in an effort to discover evidence at the time a case was tried in order to obtain relief from a final judgment on the basis of newly discovered evidence (GCR 1963, 528.3).

3. Parent and Child — Child Support — Modification of Child Support Order.

A court may modify an order for child support only upon a showing of changed circumstances; a petition for modification of a child support order does not entitle the petitioner to a rehearing on the original case.

*Hyman, Gurwin, Nachman, Friedman & Winkleman* (by *Edward D. Gold* and *Scott Bassett)*, for plaintiff.

*Jeffrey S. Foran,* for defendant.

Before: M. J. Kelly, P.J., and T. M. Burns and MacKenzie, JJ.

Per Curiam. The parties' marriage was terminated by a judgment of divorce entered on April 26, 1978. The judgment was entered after proceedings in which various matters were contested but in which defendant admitted paternity of the parties' two minor children. Plaintiff received custody of the children and defendant was ordered to pay child support.

On June 24, 1981, defendant filed a motion styled "Motion to Determine Paternity and/or Abate Child Support". In the motion, defendant stated that he had examined the driver's license application of the parties' oldest child and noted

that the blood type indicated on the application was such as to indicate that defendant was not the child's natural father. The circuit judge dismissed defendant's motion and defendant appeals by right.

The circuit judge relied on *Baum v Baum,* 20 Mich App 68, 74; 173 NW2d 744 (1969), and *Stewart v Stewart,* 91 Mich App 602, 605; 283 NW2d 809 (1979), to hold that defendant's motion was barred by res judicata and estoppel. On appeal, defendant attempts to distinguish these cases by pointing to his claim of newly discovered evidence. However, Michigan follows a broad rule of res judicata which applies not only to points on which the court was actually required by the parties to form an opinion and pronounce judgment but to every point which properly belongs to the subject of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975); *Gursten v Kenney,* 375 Mich 330, 334-335; 134 NW2d 764 (1965). Defendant has made no attempt, either in circuit court or on appeal, to explain how his failure to bring forward his contentions in regard to paternity at the time of the original divorce proceedings was consistent with the requirement of due diligence.

Arguably, although defendant makes no such argument, res judicata is inapplicable here since defendant sought to attack the judgment of divorce directly rather than collaterally. However, such a distinction is of no assistance to defendant. Under GCR 1963, 528.3, a showing of due diligence is required to obtain relief from a final judgment on the ground of newly discovered evidence. Moreover, a motion for relief from a final judgment on

such a ground would have been untimely at the time defendant brought the motion at issue here.

Defendant's position is also not improved by treating his motion as one for modification of an order for child support, although again defendant makes no such argument. A court may only modify an order for child support upon a showing of changed circumstances; a petition for modification of an order of child support does not entitle the petitioner to a rehearing on the original case. *Slater v Slater,* 327 Mich 569; 42 NW2d 742 (1950); *Verbeke v Verbeke,* 352 Mich 632; 90 NW2d 489 (1958). Defendant's motion here is not based on a claim of changed circumstances but rather on a claim of new evidence as to circumstances in existence at the time of the judgment of divorce.

Defendant's position on appeal is indefensible under any conceivable theory. Defendant has never attempted to make the required showing of due diligence. Accordingly, the Court determines that this appeal was vexatious because taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. See GCR 1963, 816.5(1)(a). The Court assesses punitive damages in an amount equivalent to the expenses incurred on appeal by plaintiff, including reasonable attorney's fees. GCR 1963, 816.5(2). We retain jurisdiction and remand the case to circuit court for determination of the amount of punitive damages. See *Greenough v Greenough,* 354 Mich 508, 527-528; 93 NW2d 391 (1958); *Harden v Widovich,* 359 Mich 566, 570-571; 103 NW2d 478 (1960), *after remand,* 361 Mich 422; 105 NW2d 224 (1960); *Thomson v City of Dearborn,* 362 Mich 1, 5; 106 NW2d 129 (1960); *Harvey v Lewis,* 364 Mich 493, 494; 112 NW2d 500 (1961).

Affirmed and remanded.