COGAN v COGAN (AFTER REMAND)

Docket No. 59427. Submitted May 4, 1982, at Detroit.—Decided August 17, 1983.

Sandra Cogan obtained a judgment of divorce from Leon Cogan. During the proceedings Leon Cogan admitted paternity of the parties' two minor children. Subsequently, defendant filed a motion "to determine paternity and/or abate child support" in which he alleged that he had discovered that the blood type of one of the children was such as to indicate that defendant was not the child's natural father. The Oakland Circuit Court, Robert B. Webster, J., granted accelerated judgment to the plaintiff holding that the defendant's motion was barred by res judicata and estoppel. The defendant appealed. The Court of Appeals determined that the defendant's appeal was vexatious and assessed punitive damages against the defendant in an amount equivalent to the plaintiff's expenses on appeal, including reasonable attorney fees. The Court remanded the case to the circuit court retaining jurisdiction for determination of the amount of damages. *Cogan v Cogan,* 119 Mich App 476; 326 NW2d 414 (1982). On remand, the circuit court set the amount of damages and interest. *Held:*

The circuit court's determination of damages is approved.

Appeal — Vexatious Appeal.

The Court of Appeals will not overturn a circuit court's determination of damages for a vexatious appeal where the Court of Appeals remanded the case to the circuit court for a determination of damages and the circuit court's determination is supported by the evidence.

*Hyman, Gurwin, Nachman, Friedman & Winkleman* (by *Edward D. Gold* and *Scott Bassett),* for plaintiff.

*Jeffrey S. Foran,* for defendant.

Reference for Points in Headnote
5 Am Jur 2d, Appeal and Error §§ 772, 962, 1024.

AFTER REMAND

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

PER CURIAM. In this case, this Court determined that defendant's appeal was vexatious under the standard stated in GCR 1963, 816.5(1)(a), see *Cogan v Cogan,* 119 Mich App 476; 326 NW2d 414 (1982), and the Court assessed punitive damages against defendant in an amount equivalent to plaintiff's expenses on appeal, including reasonable attorney's fees. The Court remanded the case to the circuit court, retaining jurisdiction, for determination of the amount of damages, and the circuit court set damages at $10,700 plus interest at the statutory rate from July 28, 1982.

After review of the transcript of the hearing in circuit court on remand, we approve the trial court's determination of damages. We retain no further jurisdiction.